## SANDERS v. SANDERS AND BROWN.

1. Where a judgment by default is vacated upon condition that defendant enter into an obligation with sufficient surety to pay whatever may be recovered of defendant "should the plaintiff finally prevail in the suit," and such an obligation is executed, can the plaintiff, on recovery of a judgment on his debt, obtain an execution against the surety on mere motion?
2. But certainly no execution could issue until there was a final determination of the suit; and the suit was not finally determined while there was an appeal pending from the judgment of the Circuit Court.

3. A refusal by the surety to pay this obligation according to its terms, would furnish no ground for an attachment for contempt.

4. Where there is no error in an order appealed from, it is immaterial that the judge based his conclusion upon an erroneous ground.

Before ALDRICH, J., Barnwell, March, 1888.

The opinion fully states the case.

_Mr. J. C. Davant_, for appellant.

_Mr. Robert Aldrich_, contra.

March 1, 1889.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    In this case it appears that on April 14, 1885, the plaintiff recovered a judgment by default against the defendant, F. J. Sanders, which was vacated and set aside by the order of Judge Cothran, bearing date March 31, 1886, which provided, as a condition precedent to its taking effect, "that the defendant file with the clerk an undertaking in the sum of six hundred dollars, with ample surety to be approved by the clerk, to pay whatever may be recovered of him for debt, interest, and costs herein, should the plaintiff finally prevail in the suit."    In pursuance of this order the said F. J. Sanders, with his co-defendant herein, Mike Brown, as his surety, on April 1, 1886, executed the required undertaking, which was filed with the clerk. The original action of J. F. Sanders, executor, against F. J. Sanders was subsequently tried, and in November, 1887, the plaintiff again recovered judgment, but for a less amount than his former recovery.    From said last mentioned judgment the said F. J. Sanders appealed, and that appeal is now pending in this court.[1]    On March 20, 1888, the plaintiff, by his attorney, gave notice to Mike Brown, defendant, that on the order of Judge Cothran and the undertaking above mentioned, and on the clerk's certificate of the recovery of judgment in November, 1887, together with the affidavit of one Kirby deposing to certain fruitless negotiations with said Mike Brown for the settlement of said judgment, a motion would be made "that attachment issue against

[1] See _ante_, page 207.—REPORTER.

you to bring you before the court to answer for your misconduct in disobeying the said order by refusing to pay the amount recovered against the defendant, and to impose such penalties therefor as to the court shall seem proper; and for an order authorizing and requiring the clerk of this court to test execution against your property for the amount recovered against the said defendant, with interest thereon and the costs assessed in the said case." This motion was heard by Judge Aldrich, who, by an order bearing date March 29, 1888, refused the motion in the following language: "This is a motion against an official surety for contempt. The undertaking was ordered by his honor, Judge Cothran. I will not grant this harsh and summary order, because, in the first place, the practice is novel, and I am not satisfied is provided under our Code of Procedure. Secondly, the order granting the undertaking is now under appeal. And third, an action is now pending in this court to test the validity of the order granting it. The motion is refused with ten dollars costs."

In the meantime, *we suppose* from what is said in the order of Judge Aldrich, that an action had been commenced and was then pending on the undertaking, as we find in the "Case" a copy of a complaint by the clerk of the court against the defendants herein, with their answer thereto, based on the undertaking, which, together with an affidavit of Mike Brown, were used in opposition to the motion.

From the order refusing his motion the plaintiff appeals upon the following grounds: "1st. The process of execution against the surety is the plaintiff's resulting right from the order allowing the undertaking and the executing of it upon recovery against defendant. 2nd. The question of contempt or of right to process is not affected by the Code of Procedure. 3rd. There is misapprehension in holding that 'the order granting the undertaking is now under appeal,' and that 'an action is now pending in this court to test the validity of the order granting it.'"

The first ground raises a point which does not seem to have been considered by the Circuit Judge, as he manifestly treated the motion simply as an application for an attachment for a contempt; but as the notice of the motion covered this point, as well as the matter of contempt, it is properly before us under this

appeal. Without considering at this time the question whether a simple motion is the proper proceeding to obtain an execution, in a case like the present, without an action, reference, or other proceeding to ascertain the damages sustained by reason of the breach of the condition of the undertaking, it is sufficient for us to say that, in this case, we think it clear that there was no error in refusing that branch of the motion requiring the clerk to issue execution, for the reason that there could be no "final determination of the action," in which the judgment was recovered, until the appeal from such judgment had been finally disposed of. Judge Cothran's order required that the defendant in that case should enter into an undertaking, with ample surety, to pay whatever might be recovered of him, "should the plaintiff *finally* prevail in the suit;" and the undertaking into which the defendants herein entered was so conditioned. It is very manifest, therefore, that until the appeal which the defendant, F. J. Sanders, had taken from the judgment had been finally disposed of, the obligation created by the undertaking could not be enforced by execution or any other mode of proceeding.

It is true that it was contended, in the argument of this appeal, that the records of this court, which, however, were never incorporated into the "Case," would show that at the time of the application for the order which was refused by Judge Aldrich, the appeal from the judgment recovered by the plaintiff against the defendant, F. J. Sanders, had been waived by a failure to perfect the appeal within the time required by law; but aside from the fact that it does not appear that such records were before Judge Aldrich when he refused the motion, and cannot therefore be considered in determining whether he committed any error in refusing the motion, these records do not show that such appeal had ever been *finally* disposed of; and, on the contrary, they do show that the appellant was permitted to perfect his appeal and the same is now pending in this court.

We will next consider whether there was any error in refusing the other branch of the motion for the attachment for contempt. While it is true that the Circuit Judge seems to have fallen into an error in stating as one of his grounds for refusing his motion, that "the order granting the undertaking is now under appeal,"

as there is nothing to show that there ever was any appeal from Judge Cothran's order, yet inasmuch as the order refusing the motion may be sustained upon another ground, such error is wholly immaterial; for, as has been often held, it is quite immaterial whether the reasons given for making an order or rendering a judgment are well founded, the point for us to determine being whether there is any error in the order or judgment appealed from. The appellant, however, is mistaken in supposing that the Circuit Judge erred in stating, as one of his reasons for refusing the motion, that an action was then pending to test the validity of the order requiring the undertaking; for it appears from the answer to the complaint by the clerk on the undertaking, that one of the defences distinctly set up was, that the undertaking was null and void. But this, too, under the view which we take of this appeal, is wholly immaterial.

The application for the attachment was based solely upon the ground that the order of the court had been disobeyed, and the notice of the motion was addressed to Mike Brown alone, and not to his co-defendant, F. J. Sanders. To sustain such an application two things must be shown: 1st. That there was an order requiring Brown to do something. 2nd. That he had disobeyed such order. But we look in vain for an order requiring Brown to do anything whatever, and, of course, it would be absurd to charge him with disobeying an order which never existed. The only order which we are able to find in the "Case" is one requiring F. J. Sanders to execute a specified undertaking with security to be approved by the clerk; and at the same time we find that such order has been fully complied with by the execution of the required undertaking by Sanders, with Brown as his surety, which appears to have been approved by the clerk.

While, therefore, it may be true that Brown has violated the obligation of his contract, evidenced by the undertaking, we do not see how it is possible to say that either he or Sanders has disobeyed any order of the court, for precisely what the order required has been done. The order did not require Sanders and whoever might become his surety, to pay the amount which might finally be recovered in the original action, but it simply required them to enter into an obligation or undertaking to pay such

amount, and this was done promptly. An order requiring a party to pay a given sum of money at a specified time is a very different thing from an order requiring a party to enter into an obligation, with good and sufficient security, to pay such sum of money at the time specified. For example, nothing is more common than for the court, in ordering a sale of property, to insert in the order a requirement that the purchaser shall give bond and mortgage to secure the payment of the purchase money at a specified time; and when such bond and mortgage have been executed, that is always regarded as a full compliance with the order. If the obligor fails to pay the bond at the time specified, such failure has never been regarded, so far as we know, as a disobedience of the order of the court, warranting an attachment for contempt. We do not see how it is possible to distinguish, in principle, such a case from the one now under consideration. Even if it should be assumed that Brown, by executing the undertaking, made himself a party to the action in which it was required, and thus brought himself within the purview of Judge Cothran's order, we do not see how it is possible to charge him with any disobedience of that order, as the very thing which it required has been done.

It seems to us clear, therefore, that in any view of the case, even stripped of all considerations growing out of an appeal from the judgment recovered by the plaintiff against the defendant, F. J. Sanders, and regarding the case as if there never had been any such appeal, there was no error in refusing the motion for attachment.

The judgment of this court is, that the order appealed from be affirmed.