HARRELL v. PARROTT.

1. FINDING OF FACT as to payments affirmed.
2. NOTES AND BILLS—USURY.—Where the maker of a note, several years after execution, signs his name to an indorsement on the back of the

note providing for it to draw ten per cent. interest from a day anterior to the date of indorsement, such indorsement becomes a part of the note, is based upon the original consideration of the note, and is not usurious, under the act of 1882 (18 Stat., 35).

Before ALDRICH, J., Darlington, December, 1896.   Affirmed.

Action in foreclosure by S. D. Harrell, administrator, with the will annexed, of .I. M. Harrell, against J. N. Parrott. The following is so much of the Circuit decree as is necessary to understand the issues:

On December 1st, 1880, when the contract herein evidenced by the note and mortgage was made, the act of 1877 (16 Stat., 325,) was in force.   Under that act, no greater rate of interest than seven per centum per annum could be charged, and the penalty for lending or advancing money or other commodity for a greater rate is a forfeiture of all interest and a limitation to the recovery of the principal sum without costs.   The note and mortgage in this case are not in violation of the provisions of this statute; but, on the contrary, are in exact compliance therewith.   On the back of said note the following payments were indorsed by testator, to wit: On November 5th, 1881, the sum of $191.25, and on December 1st, 1882, the sum of $115.70. The defendant, Parrott, says that these payments were made in satisfaction of the interest due upon said debt; that said interest was calculated at the rate of nine, and not seven, per centum per annum; that he paid this illegal interest, and that, therefore, under the provisions of the act cited *supra*, plaintiff can only recover the principal of the debt, less payments, and without any interest or cost.   The law is plain, and the burden of proof is upon the defendant to sustain his allegations.   Let us examine the testimony and ascertain the facts.   The credits upon the note above referred to are in writing, and that writing is plain, with no trace of ambiguity about it.   These indorsements say, each and both in express language, that the said sums were

received as payments "on the within note." The natural and legal applications of these payments would be, first, in satisfaction of the interest thus due; and, second, if in excess of interest then due, towards the satisfaction of the principal debt. There is not a word in either of these indorsements that would or could suggest that these payments were made for interest due and nothing else, or that can be construed as solely relating to interest. The record is, therefore, against the defendant, Parrott. But in cases of usury, courts will go behind records, hear the testimony, and if usury be found, express and condemn it. Defendant testified as a witness in his own behalf, and was allowed to testify as to all matters save and except such conversations, transactions, &c., as were had between himself and testator. Objections to his testifying as to these matters, &c., based upon sec. 400 of the Code, were made by counsel, and sustained by the Court. Except the paper called exhibit "C," next to be discussed, there is no evidence worthy of consideration to be considered. Plaintiff, subject to exceptions, admitted that Dr. Luther Harrell, if present, would testify that exhibit "C" was made by him. It seems that Dr. Harrell is a son of the testator, and that he was a college boy, at home on vacation, when he made the calculation contained in "C." Testator, in 1885, while quite aged and physically feeble, was otherwise very well preserved. Defendant, Parrott, testified that on the day he signed the agreement on the back of the note, promising to pay interest at the rate of ten per cent. thereon, that testator and his son, Luther, then a youth, came to his residence, and that Luther Harrell handed him the paper, exhibit "C." Here the matter ends. The agreement signed by Parrott and indorsed on the note does not refer to exhibit "C" or any other calculation. They have no connection, and do not seem to fit together—that is, the agreement is not supported by the calculations. These calculations, which are not dated, brought the figures down to January 1st, 1885; while the agreement indorsed on the note is dated October 20th,

1885. It would be a fair inference, under the circumstances, to infer that testator got his son to make these calculations on or before January, 1885; that he was trying to get defendant, Parrott, either to pay up or make a new agreement of some kind, if further time was to be granted to him; that the parties negotiated with each other; that the exhibit "C" plan, or whatever plan was based upon it, was rejected; and the new and only agreement between these parties appears in the indorsement upon the note signed by Mr. Parrott. $1,840 was the principal of the note. It was dated December 1st, 1880, and due on December 1st, 1881. The first payment of $191.29 was made on November  , 1881. The rate of interest from date was seven per cent. per annum. So that interest ran from December 1st, 1880, to November 5th, 1881—that is, for eleven months and five days. If we calculate the interest up to November 5th, 1881, add it to the principal, and deduct the payment, we will find that the payment satisfied the interest in full, and reduced the principal to $1,768.16. That amount of principal would bear interest afterwards, and the calculation would go on in this way. Exhibit "C" is made up in such a way, besides being written in pencil and indistinct, that it is rather hard to understand it. I can, of course, see the figures; but I can't see where the right to use those figures is derived from—I can't see how exhibit "C" is entitled to weight. I hold, as matter of fact, that plaintiff did not charge nor did defendant, Parrott, pay interest at a greater rate than seven per cent. per annum prior to January 1st, 1884. On October 20th, 1885, the act of 1882 (18 Stat., 35,) was in force, and under that statute seven per cent. is the legal rate of interest, in the absence of any written agreement for a higher sum; but parties may stipulate in writing for any sum above seven per cent. to ten per cent. In 1885, defendant, Parrott, in writing, indorsed on the note, and referring to the debt evidenced by it, made an "express agreement" in these words, "Interest on within note to be at rate of ten per cent. after 1883. October 20th, 1885, J.

N. Parrott." That contract was legal, and is binding upon Mr. Parrott. The facts of this case are similar to those in the case of *Utley* v. *Cavender*, 31 S. C., 282, and it is unnecessary to dicuss this issue further. The defendant, Parrott, has failed to prove that he paid $174 on his note on the    day of January, 1884; and also failed to prove his alleged payment thereon of $132.60 on the    day of March, 1885. A credit of $77.30 should be allowed, instead of the credit of $75, alleged in paragraph 7 of the complaint. The other payments are correctly stated in said paragraph.

From this decree the defendant appeals on the following exceptions:

1. Because his Honor erred in not holding that the defendant was charged and paid nine per cent. interest from the date of the note up to the date of writing to pay interest at ten per cent. indorsed on note.

2. Because his Honor erred in holding that the writing indorsed on back of note was such a contract as is contemplated by the statute, and that said writing bound defendant to pay ten per cent. from date of same.

3. Because his Honor erred in holding that if the writing was in proper form, it was supported by a consideration and was binding on the defendant.

4. Because his Honor erred in holding that the writing indorsed on the note could have a retroactive effect, and that the defendant was bound by same to pay interest at ten per cent. from a date two years anterior to the date of the writing, when there was no consideration of indulgence.

5. Because his Honor erred in holding that the credits set up in answer should not be allowed.

6. Because his Honor erred in holding that no usurious interest was charged by plaintiff and received from the defendant on the note in question.

7. Because his Honor erred in holding that the defendant was due the plaintiff on the said note and mortgage the sum of $3,542.63.

*Messrs. Townsend & Floyd,* for appellant.

*Messrs. Woods* and *Macfarlan,* contra, cite: *Usury:* 31 S. C., 283. *Consideration for indorsement:* 32 S. C., 238; 37 S. C., 145.

July 13, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is an appeal from a judgment of foreclosure of a mortgage of real estate rendered by his Honor, Judge Aldrich. The decree of the Circuit Judge, which, with the exceptions thereto, should be set out in the report of this case, except so much thereof as relates to the matter of homestead, to which there is no exception, and that part thereof providing for a sale of the mortgaged premises, sets forth fully and fairly the facts of the case, and hence no detailed statement thereof is needed here. It is sufficient to say, in general terms, that the mortgage was given to secure the payment of a note, of which the following is a copy: "$1,840. On the 1st day of December, 1881, I promise to pay I. M. Harrell, or order, $1,840, for value received, with interest from date. J. N. Parrott (L. S.) December 1, 1880." Besides certain credits indorsed on the note, which were allowed, the note bears the following indorsements: "Interest on the within note to be at the rate of ten per cent. after 1883. October 20, 1885. (Signed) J. N. Parrott."

The general questions raised by the appeal are, *first,* as to whether defendant should be allowed credit for certain alleged payments not indorsed on the note; *second,* whether there was any usury in the transaction.

The question as to payments is a pure question of fact. The burden was on the defendant of showing other payments than those indorsed on the note, and this he failed to show. It is only necessary for us to say that we are quite satified with the views presented by the Circuit Judge in his decree as to this matter.

As to the second question, it is quite certain that the note

does not show on its face any evidence of usury, and hence it was incumbent on the defendant to show that, nevertheless, there was usury in the transaction. For this purpose the defendant relied, largely, upon a paper marked exhibit C, set out in the "Case," which purports to be a calculation showing the balance due on the note on the 1st of January, 1885, in which it appears that interest was calculated at the rate of nine per cent. per annum for a part of the time prior to the 1st January, 1883, and from that time at ten per cent. At the trial it was admitted, "that if Dr. Luther Harrell were present, he would testify that he made the figures embraced in paper C, subject to objections as to the admissibility of such testimony." The defendant testified that this paper was handed to him by Dr. Harrell, in the presence of the testator, I. M. Harrell, on the 20th of October, 1885, when the indorsement on the note, above copied, was made. What relevancy the paper styled exhibit C had to any issue in this case we are at a loss to perceive. It certainly does not appear that any settlement was made, or even proposed, according to that calculation. On the contrary, it appears that on the same day on which defendant says that paper was handed to him, another and a different arrangement was made between the parties, and evidenced by the indorsement then made on the note and signed by the defendant. The obvious meaning and effect of this new arrangement was that the note should continue to bear interest from its date at the rate of seven per cent. per annum until after the expiration of the year 1883, from which time forward, to wit: from the 1st of January, 1884, the note should bear interest at the rate of ten per cent. per annum; and this was the view adopted, and properly adopted, by the Circuit Judge.

It is contended, however, by appellant that there was error in this view, for two reasons. 1st. Because the new agreement evidenced by the indorsement is without consideration, and, therefore, void. 2d. Because it provided for the payment of the higher rate of interest from a date

anterior to the date of the new agreement, evidenced by the indorsement on the note.   Both of these positions are disposed of by authorities; the first by the cases of *Sanders* v. *Bagwell*, as first reported in 32 S. C., 238, and next in 37 S. C., 145, and by the recent case of *Sloan* v. *Latimer*, 41 S. C., 217, in which last named case, as is well said by Mr. Justice McGowan, the effect of such an indorsement or memorandum was equivalent to an erasure and an interlineation of the note as originally written, so as to express the intention that the note was to bear interest from the 1st of January, 1884, at the rate of ten per centum per annum.   The new promise to pay an increased rate of interest being thus incorporated into and becoming a part of the note, would, of course, be supported by the original consideration.   This would be manifestly in accordance with the intention of the parties, as expressed by the words, "Interest *on within note* to be at rate of ten per cent. after 1883."   The second position is disposed of by the case of *Utley* v. *Cavender*, 31 S. C., 282, where precisely the same point was raised, and decided contrary to the view contended for by appellant.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.