## LORICK & LOWRANCE v. MOTLEY.

1. JURISDICTION.—A CONTEMPT proceeding having been commenced in open Court by hearing return to rule, but marked "heard," and continued at instance of contemnor's attorney for further evidence, which was taken under order then made by special referee, contemnor's attorney being present and participating, and afterwards heard on said evidence at chambers, as provided in said order, was within jurisdiction of the Judge as if heard fully in open Court.

2. IBID.—DECREE—APPEAL—CIRCUIT JUDGE.—Correction of an order in contempt proceedings after filing and notice of appeal by adding, "or until further order of the Court," the amendment being clearly the result of the views expressed in the decree, is within the power of the Circuit Judge, especially where appellant was given an opportunity to take exceptions to the correction in his appeal.

3. CONTEMPT—FINE—IMPRISONMENT.—Where a party to a civil action has disobeyed an order of Court by trespassing on lands adjudged to belong to another, he may be required by the Court to pay to the aggrieved party the damages suffered by reason of the trespass in contempt proceedings or to be imprisoned.

*Golson* v. *Holman,* 28 S. C., 53, *distinguished from this.*

Before TOWNSEND, J., Kershaw, June, 1903. Affirmed.

Contempt proceedings at instance of Lorick & Lowrance against William Motley. From Circuit decree, defendant, Motley, appeals.

*Mr. J. T. Hay,* for appellant, cites: *Judge without jurisdiction:* 49 S. C., 199; 64 S. C., 425; Code 1902, 2734; Code of Proc., 264. *Penalty cannot be adjudged paid to aggrieved party:* 7 Ency., 2 ed., 67, n. 3; *or be imprisoned:* 28 S. C., 353; Con. 1895, art. I., sec. 24; 1 Rich. Eq., 280.

*Messrs. Lyles & McMahan,* contra, cite: *This is a civil proceeding, and State not properly a party:* 49 S. C., 204. *Damages may be given instead of fine for punishment:* Rapalje on Contempt, 176, 180, 183, 185, 186; 2 High on Injunctions (3d ed.), paragraph 1457; 10 Am. Cent. Dig., 2623; 15 Fed. R., 813; 19 Fed. R., 20; 27 Fed. R., 795; 60 Mich.,

167; 52 Tenn., 100; 23 Hun., 332; 7 Ency. (2 ed.), 59, 68, 76, 72; 4 Ency. P. & P., 800; sec. 2734, Code. *Imprisonment until payment of damages:* 5 S. C., 340; 4 Ency. P. & P., 802; 7 Ency. (2 ed.), 68, 69, 59 (note); Rapalje, paragraph 129; 49 S. C., 207; 44 Am. St. R., 809. *Not imprisonment for debt:* 28 S. C., 53; 4 Ency. P. & P., 803 (note).. *Correction may be made after filing decree (certainly within ten days):* 21 S. C., 16; 30 S. C., 335; 32 S. C., 64; 2 Dan. Ch. Pr., 1233.

September 13, 1904.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    This is an appeal from an order of the Court of Common Pleas, adjudging the defendant guilty of a wilful violation of a decree of the Court of Common Pleas, and committing him to jail until he "shall pay unto the clerk of said Court for the plaintiffs herein the sum of one hundred dollars, together with the sheriff's fees and any other costs that may arise, or until further order of this Court."

The defendant asks the reversal of the order on three grounds. First. Because the order, as he alleges, was granted at chambers, and for that reason void. Second. Because the Circuit Judge, without authority of law, added the words, "until further order of this Court," after the decree was filed and appeal taken; the decree without such added words being, it is insisted, a nullity as providing an indefinite term of imprisonment. Third. Because the defendant could not in the contempt proceeding be required to make reparation to plaintiffs as a punishment.

In conformity with the complaint in the cause, the Court of Common Pleas had made a decree enjoining the defendant from setting up any claim to or committing any trespass on certain lands of plaintiffs. Upon affidavits submitted by plaintiffs to the effect that the defendant was cutting valuable timber trees on the land, in disregard of the decree of the Court, Hon. D. A. Townsend, presiding in the Court of

Common Pleas for Kershaw County, on June 4, 1903, issued an order requiring the defendant to show cause the next day why he should not be attached for contempt. In his decree Judge Townsend thus states the action taken upon hearing the return of defendant:

"The defendant, in response to said order or rule, appeared personally in Court on the 5th day of June, 1903, and by his attorney, J. T. Hay, Esq., answering the said order, denied that he had trespassed upon the lands of plaintiffs or crossed the line fixed by C. C. Haile, surveyor, or disregarded the order of this Court, and with sundry other allegations alleged that the defendant 'can prove where line is located by William Sanders, James Ross and Isom Medlin, old citizens, but is unable to procure their attendance to-day.' Thereupon it was proposed by J. T. Hay, Esq., attorney for the defendant, that the matters in issue be referred to a referee to take testimony and report to the Judge at a later date, and by agreement of counsel and upon motion of defendant's attorney, an order was passed, dated the 5th day of June, 1903, referring it to John S. Verner, master for Richland County, to take testimony at Columbia, S. C., upon the issues involved and report the same to me not later than July the 1st, 1903, and that the cause be decided by me at chambers, having been heard at the session of the Court of Common Pleas for Kershaw County, in Camden, and been marked 'Heard' on the calendar."

Testimony was taken by the master after the adjournment of the Court, the defendant's counsel being present and participating without objection. The Circuit Judge, considering the testimony along with the affidavits filed on both sides, filed his decree, adjudging the defendant in contempt. The Circuit Judge did not in any legal sense hear the contempt proceedings at chambers. When the plaintiffs' affidavits and the defendant's sworn return had been heard and the opportunity for argument given in open Court, the matter was ready for decision. It was entirely a matter of grace to the defendant, in no wise affecting the

jurisdiction, that the Court, at defendant's request, allowed further evidence to be submitted after adjournment.

The Circuit Judge did not exceed his power in having the clerk to add to the decree after filing, the words, "or until the further order of this Court." It was clearly the result of the views expressed in the opinion, that the defendant should be imprisoned for a definite period or until the further order of the Court, and not that he should be indefinitely imprisoned. The omission of the modifying language was, therefore, only an inadvertence, and falls within the rule laid down in 2 Danl. Ch. Pr.. 1233, quoted with approval in *Chafee* v. *Rainey,* 21 S. C., 17. See, also, 5 Ency. P. & P., 1053. It is intimated in *Barrett* v. *James,* 30 S. C., 329, 9 S. E., 263, that such corrections should ordinarily be made before the time for appealing expires; otherwise the right of the appellant might be seriously prejudiced. This cannot avail the defendant, however; for although the correction was not made until after the exceptions were filed, no injury resulted, for the reason that the defendant was given opportunity by the plaintiffs to embrace in his appeal exceptions to the corrected decree.

The remaining question is, was the Circuit Judge in error in requiring as a punishment in a contempt proceeding the payment by defendant to plaintiffs of the value of the trees he had destroyed in disregard of the court's order?

The appeal does not bring in question the Circuit Court's findings of fact. One of these findings was that the defendant had wilfully violated the injunction, and appropriated or destroyed the property of the plaintiffs which the Court had undertaken to protect. The contempt was, therefore, criminal, so far as it offended the dignity and authority of the court; and civil, so far as it violated the rights of the plaintiffs under the protection of the decree. All contempt proceedings grow out of the duty of the individual to obey the orders of the court, and the court's duty to maintain its dignity and authority; but the maintenance of the court's

dignity and authority is not itself the ultimate purpose to be attained; this is rather a means to the practical end, that litigants who submit their personal and property rights to a tribunal established by law, may have their rights as adjudicated by that tribunal protected and enforced by its power. When the contempt does not directly affect any particular individual, the penalty is inflicted for the benefit of the state at large. When, on the other hand, property of an individual is taken or destroyed, in contempt of the court's order, those interested have a right to ask of the court its restoration or payment of its value at the hands of the offender, and the court requires such restoration or payment of its value as part of the punishment. In each instance the ultimate purpose is the protection of adjudicated right.

The case of *Ex parte Thurmond,* 1 Bailey, 608, quoted with approval in *State* v. *Nathans,* 49 S. C., 199, 27 S. E., 521, lays down the rule that it is within the power of the court where individual right is directly involved, to order the contemnor to place the party injured in as good situation as he would have been if the contempt had not been committed, on pain of imprisonment. To deny such power to the courts would be to strike down one of the main safeguards of society against lawlessness and against the oppression of the weak by the strong.

Such an order is plainly not imprisonment for debt, and does not fall under the case of *Golson* v. *Holman,* 28 S. C., 53, 4 S. E., 811. In that case a decree was entered requiring Holman to pay over a balance found against him as executor. Upon his failure to show cause why he had not paid this balance, an order was made by the Circuit Court directing his imprisonment until he should pay the judgment, or until discharged by due course of law. On appeal, this was held imprisonment for debt, contrary to the Constitution of the State. The order of imprisonment was based on a failure to pay a pre-existing debt, and required its payment as a condition of release. In the present case, payment of money is required as compensatory fine inflicted for the purpose of

compelling the defendant to restore, as far as possible, the condition existing before his act of contempt. The case of *Golson* v. *Holman,* just referred to, would be analogous to this, if the executor had been ordered by the court not to dispose of valuable securities, and in defiance of the order had sold them and put the money in his pocket. In such case, the power of the court to require payment to the value of the securities as a punishment, would hardly be questioned.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.