494 S.E.2d 429

## FIRST UNION NATIONAL BANK OF SOUTH CAROLINA and First Union Brokerage Services, Inc., Petitioners/Respondents,

v.

## FCVS COMMUNICATIONS, VCS Holdings, Inc., Walter K. Flynn, Murray Michaels, and Vodofsky Financial Co., Defendants,

## Of whom FCVS Communications is Respondent/Petitioner.

No 24726.

Supreme Court of South Carolina.

Heard Nov. 19, 1997.
Decided Dec. 16, 1997.

James R. Allen, of Barnes, Alford, Stork & Johnson, L.L.P., Columbia, for petitioners/respondents.

Craig K. Davis and James F. Flanagan, Columbia, for respondent/petitioner.

292

PER CURIAM:

Petitioners/respondents (collectively Bank) is the depository for funds owned by respondent/petitioner (FCVS). Bank sought interpleader on the ground there were conflicting claims between the majority and minority partners of FCVS regarding the funds. The trial judge granted interpleader and ordered the funds be held by Bank until further order of the court. He then discharged Bank from the suit, effectively dismissing FCVS's counterclaims against Bank. The trial judge also denied Bank's request for attorney's fees. The Court of Appeals affirmed the grant of interpleader, reversed dismissal of FCVS's counterclaims, and remanded to the trial court to determine attorney's fees. *First Union National Bank of South Carolina v. FCVS Communications,* 321 S.C. 496, 469 S.E.2d 613 (Ct.App.1996). This Court granted the parties' petitions for a writ of certiorari to review all three issues.

■ FCVS recently filed a motion with this Court representing that the partners of FCVS have now resolved their conflict regarding the funds. FCVS seeks an order, with the consent of the minority partners, requiring Bank to release the funds since there are no longer conflicting claims. We grant the motion. Since the issue of interpleader is now moot, we dismiss the writ as to this question. *Jones v. Dillon–Marion Human Resources Dev. Comm'n,* 277 S.C. 533, 291 S.E.2d 195 (1982) (when an event occurs while a case is pending on appeal so there remains no actual controversy between the parties, the case is moot and the appeal will be dismissed).

■ Further, we reverse the Court of Appeals' decision reinstating FCVS's counterclaims. These counterclaims allege liability arising from Bank's failure to honor the majority partners' instructions regarding the funds. In granting interpleader under Rule 22(a), SCRCP, however, the trial judge necessarily found Bank was entitled to protection from the conflicting claims of the majority and minority partners. Accordingly, under Rule 22(b), SCRCP, Bank was entitled to be "discharged from liability as to such claims." Since the Court of Appeals found interpleader was appropriately granted, it erred in reversing Bank's discharge from the suit.

 Finally, we reverse the Court of Appeals' ruling that Bank was entitled to attorney's fees as an innocent stakeholder in this case. Attorney's fees are not recoverable unless authorized by contract or statute. *S.C. Dept. of Soc. Servs. v. Tharp*, 312 S.C. 243, 439 S.E.2d 854 (1994).

**DISMISSED IN PART; REVERSED IN PART.**