544 S.E.2d 646

**Marilu DOWALIBY, Respondent,**

**v.**

**Thelma I. CHAMBLESS, an incapacitated person, and Robert J. Chambless, her next of kin, Appellants.**

No. 3320.

Court of Appeals of South Carolina.

Submitted Jan. 8, 2001.

Decided March 19, 2001.

---

Don C. Gibson, of North Charleston, for appellants.

John Kachmarsky, of Charleston, for respondent.

CONNOR, Judge.

Marilu Dowaliby filed petitions in the Charleston County Probate Court asking to be appointed as guardian and conservator for her mother, appellant Thelma I. Chambless. Dowaliby's brother, appellant Robert J. Chambless, opposed the petitions. The probate court found Thelma Chambless was in need of a guardian and appointed Robert Chambless, but determined a conservatorship was unnecessary. The probate court awarded attorney's fees to Dowaliby, which the circuit court affirmed. Robert Chambless appeals on behalf of his mother, challenging the award of attorney's fees. We reverse.

## FACTS

This appeal arises from a dispute between siblings Marilu Dowaliby and Robert J. Chambless over the care of their mother, Thelma Chambless. On June 11, 1998, Dowaliby filed separate petitions in the Charleston County Probate Court seeking the appointment of a guardian and a conservator for Thelma Chambless. Dowaliby alleged her mother was suffering from dementia and was incapacitated. In the petitions, Dowaliby asked that she be appointed as guardian and conservator.

Robert Chambless, as next of kin, filed an answer and counterclaim to Dowaliby's petitions admitting their mother suffered from dementia and was unable to manage her own

affairs. However, he denied the need for the appointment of a conservator, stating their mother had set up an independent trust on April 23, 1994, appointing him to be the trustee in the event of her incapacity.[1] Also on April 23, 1994, Thelma Chambless executed a durable power of attorney in favor of her son, Robert, as well as a will naming him the executor. Robert Chambless attached copies of the trust, the power of attorney, and the will to his answer.

Chambless asserted their mother had transferred to the trust the deeds to her real property prior to becoming incapacitated and that all liquid assets were being held in the trust for the purpose of their mother's lifetime care. He asked that their mother be declared incompetent and that the court recognize the validity of the trust, or that the court "appoint himself or some other uninterested party as a Conservator in the event it is determined that the Thelma I. Chambless Trust is for some reason not satisfactory in taking care of his mother." Chambless asserted he should be appointed conservator because he had cared for their mother prior to her being placed in a nursing home, and because Dowaliby had been living out of state for years and was not a proper person to handle their mother's financial affairs. Chambless asked that Dowaliby's petitions be dismissed and that Dowaliby pay attorney's fees and costs for his defense of the trust.

By order dated February 3, 1999, the probate court found "clear and convincing evidence that Thelma I. Chambless is an incapacitated person" and found good cause to appoint Robert Chambless as the sole guardian.[2] In a separate order, the probate court denied the petition for appointment of a conservator finding it was unnecessary because Thelma Chambless had placed her assets in the trust dated April 23, 1994. The court determined the trust and its named trustee, Robert

---

1. The Thelma I. Chambless Trust included assets such as Thelma Chambless's personal residence (valued at $85,000), some home furnishings, and investments of approximately $40,000. The total estate was valued at about $137,000.

2. The probate court specifically found Robert Chambless had fulfilled the role of de facto guardian for his mother for "at least the last four or five years if not longer," had assisted her in making medical decisions, and had provided care to her both in her own home and his before making a placement decision.

Chambless, were valid and concluded there was "no rationale for supplementing its terms with a Court appointed Conservator." The probate court reserved the issues of attorney's fees and costs "for further hearing if necessary."

Dowaliby's attorney subsequently filed a petition seeking $7,427.05 in attorney's fees allegedly incurred on behalf of Thelma Chambless. Dowaliby's attorney submitted invoices and an affidavit in support of the award.

The probate court awarded Dowaliby attorney's fees of $4,427.05. In so doing, the probate court stated:

> There is South Carolina case law precedent that allows expenditures for reasonable necessities of a ward even if the expenses occurred before the appointment of a guardian. (citations omitted).

The probate court found Dowaliby's petitions benefitted Thelma Chambless because a guardian was appointed to provide for her care, comfort, and maintenance, and the guardian was required to consult with and/or inform her daughter and grandchildren regarding health care and placement decisions. The court found Thelma Chambless was further benefitted by the court's validation of the trust.

The circuit court affirmed the award, and Chambless appeals.

## LAW/ANALYSIS

On appeal, Chambless asserts Dowaliby is not entitled to an award of attorney's fees.

■ It is well established that "[a]ttorney's fees are not recoverable unless authorized by contract or statute." *Jackson v. Speed*, 326 S.C. 289, 307, 486 S.E.2d 750, 759 (1997); *see Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."); *Duke Power Co. v. South Carolina Pub. Serv. Comm'n*, 284 S.C. 81, 100, 326 S.E.2d 395, 406 (1985) ("Ordinarily, an attorney must look to his client for compensation for services performed by his employment" unless authorized by contract or statute.);

*Prevatte v. Asbury Arms,* 302 S.C. 413, 415, 396 S.E.2d 642, 643 (Ct.App.1990) ("Under the common law of South Carolina, a prevailing party has no right to recover attorney's fees. In the absence of a common law right, the plaintiff must plead either a contract or a statute to receive enhanced damages or attorney's fees.") (citation omitted).

■ Because there is no contractual provision at issue here, we must determine whether there is a statutory basis for Dowaliby to recover attorney's fees.[3] Dowaliby argues the award of attorney's fees is authorized by S.C.Code Ann. § 62–5–414 (1987), which provides:

> If not otherwise compensated for services rendered, any visitor, lawyer, physician, conservator, or special conservator *appointed in a protective proceeding* is entitled to reasonable compensation from the estate, as determined by the court.

S.C.Code Ann. § 62–5–414 (1987) (emphasis added).

■ "A statute allowing attorney fees is in derogation of the common law and must be strictly construed." *Belton v. State,* 339 S.C. 71, 74, 529 S.E.2d 4, 5 (2000); *accord Steinert v. Lanter,* 284 S.C. 65, 325 S.E.2d 532 (1985) (holding statute allowing recovery of costs was in derogation of the common law and therefore must be strictly construed to allow only the recovery of costs and not attorney's fees); *Flynn v. Scott,* 969 S.W.2d 260 (Mo.Ct.App.1998) (holding attorney was not entitled to recover fees absent statutory authorization); *In re Guardianship of the Person & Estate of Jacobsen,* 482 N.W.2d 634 (S.D.1992) (holding that party unsuccessfully petitioning to be named guardian could not recover attorney's fees under a statute allowing recovery of attorney's fees as necessary expense for the care and management of the estate where said party had not undertaken the care and management of the estate and the court was "unable to find any precise authority allowing attorney's fees to petitioners in guardianship proceedings").

---

**3.** It is undisputed that Dowaliby's attorney did not enter into a contract with Thelma Chambless or her estate to provide legal services.

The plain language of section 62–5–414 authorizes reasonable compensation to lawyers that are "appointed" in protective proceedings. S.C.Code Ann. § 62–5–414 (1987). Dowaliby's attorney was never appointed to represent Thelma Chambless. Rather, the probate court appointed Ruth Williams Cupp as Thelma Chambless's attorney and guardian ad litem for these proceedings. *See* S.C.Code Ann. § 62–5–303(b) (1987) (providing that unless the allegedly incapacitated person has her own counsel the probate court shall appoint an attorney to represent her in the proceedings who shall also act as the guardian ad litem).[4]

Accordingly, because we can find no statutory basis for an award of attorney's fees to Dowaliby, the probate court's award of attorney's fees must be reversed. *See First Union Nat'l Bank of South Carolina v. FCVS Communications,* 328 S.C. 290, 494 S.E.2d 429 (1997) (reversing award of attorney's fees because the attorney's fees were not authorized by contract or statute); *South Carolina Dep't of Soc. Servs. v. Tharp,* 312 S.C. 243, 439 S.E.2d 854 (1994) (holding it was error to award attorney's fees without statutory authority).

## CONCLUSION

For the foregoing reasons, the award of attorney's fees to Dowaliby is

**REVERSED.**

CURETON and GOOLSBY, JJ., concur.

---

**4.** Furthermore, Dowaliby is not seeking expenses incurred prior to her appointment as guardian or conservator, as she was never appointed to either position. This situation is, therefore, distinguishable from the cases cited by the probate court and the circuit court, which provide an appointed guardian may be able to recover expenses incurred prior to the formal appointment if such expenditures benefitted the ward. Moreover, the probate court determined Robert Chambless, not Dowaliby, was acting as Thelma Chambless's guardian for "at least the last four or five years" prior to this proceeding.