557 S.E.2d 708

Cynthia HARRIS–JENKINS and George Jenkins, Respondents,

v.

NISSAN CAR MART, INC., Appellant.

No. 3428.

Court of Appeals of South Carolina.

Heard Dec. 5, 2001.

Decided Dec. 31, 2001.

V.M. Manning Smith, of Moss & Kuhn, of Beaufort, for appellant.

Dragana Davidovic, of Davidovic Law Firm, of Beaufort, for respondents.

ANDERSON, Judge:

Cynthia Harris Jenkins and George Jenkins ("the Jenkinses") and Nissan Car Mart, Inc., a retail automobile dealer, entered into an agreement to settle the Jenkinses' civil suit against Nissan Car Mart. Pursuant to this agreement, Nissan Car Mart was required to pay $20,000 to the Jenkinses in exchange for their termination of legal action against the dealer. Nissan Car Mart failed to pay the settlement amount despite being ordered by the Circuit Court to do so. In an order following a Rule to Show Cause hearing, 'the circuit judge ordered Nissan Car Mart to pay the Jenkinses the $20,000 plus interest and $1,500 in attorney's fees. Nissan Car Mart sought reconsideration, which the Circuit Court denied. Nissan Car Mart appeals the portion of the order

awarding the $1,500 to the Jenkinses for attorney's fees. We reverse.

## FACTS AND PROCEDURAL HISTORY

The Jenkinses filed a complaint alleging fraud and unfair trade practices against Nissan Car Mart. Nissan Car Mart offered $20,000 to settle the case. The Jenkinses, through their attorney, accepted Nissan Car Mart's offer. Following the Jenkinses' acceptance, Nissan Car Mart wrote to the Jenkinses' attorney, proposing to pay the $20,000 in monthly payments, rather than a lump sum. According to Nissan Car Mart's attorney, these terms were necessary because the dealer did not "have the cas[h] in lump sum." The Jenkinses refused the payment terms. Nissan Car Mart did not pay any of the settlement amount. Consequently, the Jenkinses moved for an order to compel execution of the settlement agreement and requested sanctions against Nissan Car Mart.

The Circuit Court ordered Nissan Car Mart pay-within 30 days of the order—$20,000 plus 8 3/4% interest from the date of the Jenkinses' acceptance of the settlement. The Circuit Court denied the Jenkinses request for sanctions. Nissan Car Mart did not pay the ordered amount within the 30 day period. The Jenkinses moved for sanctions, seeking the incarceration of Bill Leadingham, president of Nissan Car Mart, until Nissan Car Mart paid the $20,000 plus the accrued interest and costs, including attorney's fees.

The Circuit Court held a Rule to Show Cause hearing. Following the hearing, the court issued an order mandating Nissan Car Mart pay the $20,000 settlement amount. The court additionally ordered Nissan Cart Mart pay the Jenkinses $2,673 in accrued interest and $1,500 in attorney's fees. The court denied Nissan Car Mart's motion for reconsideration. Nissan Car Mart appeals the circuit judge's award of attorney's fees to the Jenkinses.

## ISSUE

Whether the Circuit Court erred in assessing attorney's fees against Nissan Car Mart due to its failure to satisfy its settlement agreement with the Jenkinses?

## LAW/ANALYSIS

### I.  The Contempt Power

In *Curlee v. Howle*, 277 S.C. 377, 287 S.E.2d 915 (1982), the Supreme Court discussed the law relating to the contempt power of our courts, specifically compensatory contempt:

The power to punish for contempt is inherent in all courts.  Its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts, and consequently to the due administration of justice.  *McLeod v. Hite*, 272 S.C. 303, 251 S.E.2d 746 (1979); *State v. Goff*, 228 S.C. 17, 88 S.E.2d 788 (1955) .... ***Contempt results from the willful disobedience of an order of the court, and before a person may be held in contempt, the record must be clear and specific as to the acts or conduct upon which such finding is based.***  *Edwards v. Edwards*, 254 S.C. 466, 176 S.E.2d 123 (1970); *Bigham v. Bigham*, 264 S.C. 101, 212 S.E.2d 594 (1975).

. . . .

Compensatory contempt is a money award for the plaintiff when the defendant has injured the plaintiff by violating a previous court order.  The goal is to indemnify the plaintiff directly for harm the contemnor caused by breaching the injunction.  Rendleman, *Compensatory Contempt: Plaintiff's Remedy When A Defendant Violates An Injunction*, 1980 Ill.L.F. 971.  Courts utilize compensatory contempt to restore the plaintiff as nearly as possible to his original position.  Therefore it is remedial.

We have recognized compensatory contempt in at least two cases.  In *Ex Parte Thurmond*, 1 Bailey 605 (1830), we stated that when an individual right is directly involved in a contempt proceeding, the court has the power to order the contemnor to place the injured party in as good a situation as he would have been if the contempt had not been committed, or to suffer imprisonment.  In *Lorick & Lowrance v. Motley*, 69 S.C. 567, 48 S.E. 614 (1904), we held that a contemnor may be required to pay damages suffered by reason of his contemptuous action or suffer imprisonment. . . .

. . . .

Compensatory contempt awards have been affirmed also by the United States Supreme Court.

. . . .

Therefore, the compensatory award should be limited to the complainant's actual loss. Included in the actual loss are the costs in defending and enforcing the court's order, including litigation costs and attorney's fees. The burden of showing what amount, if anything, the complainant is entitled to recover by way of compensation should be on the complainant.

*Id.* at 382, 386–87, 287 S.E.2d at 917, 919–20 (emphasis added).

## II. Statutory Attorney Fees

In South Carolina, the authority to award attorney's fees can come only from a statute or be provided for in the language of a contract. There is no common law right to recover attorney's fees. *Jackson v. Speed,* 326 S.C. 289, 486 S.E.2d 750 (1997); *American Fed. Bank, FSB v. Number One Main Joint Venture,* 321 S.C. 169, 467 S.E.2d 439 (1996); *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 427 S.E.2d 659 (1993); *Baron Data Sys., Inc. v. Loter,* 297 S.C. 382, 377 S.E.2d 296 (1989); *Dowaliby v. Chambless,* 344 S.C. 558, 544 S.E.2d 646 (Ct.App.2001); *Harvey v. South Carolina Dep't of Corrections,* 338 S.C. 500, 527 S.E.2d 765 (Ct.App.2000); *Global Protection Corp. v. Halbersberg,* 332 S.C. 149, 503 S.E.2d 483 (Ct.App. 1998); *Prevatte v. Asbury Arms,* 302 S.C. 413, 396 S.E.2d 642 (Ct.App.1990).

The Jenkinses, in their brief, do not assert any statutory authority that authorizes a judge to award attorney's fees as sanctions for nonpayment of a settlement agreement because no South Carolina statute exists that confers this authority.

## III. SCRCP/Attorney Fees

During the Rule to Show Cause hearing, the Circuit Court alluded that its ability to impose sanctions awarding attorney's fees could come from the South Carolina Rules of Civil Procedure ("SCRCP"). In examining the SCRCP, there are several rules that allow the award of attorney's fees as sanctions or costs. None of these rules, however, apply to this particular situation. *See* Rule 11, SCRCP (allowing an award

of attorney's fees when the court finds the opposing party has filed pleadings that were made in bad faith and/or frivolous); Rules 30 and 37, SCRCP (granting award of attorney's fees as sanctions for discovery abuse); Rule 45, SCRCP (allowing attorney's fees for placing on undue burden on a person responding to a subpoena); Rule 54, SCRCP (allows imposing attorney's fees as costs when authorized by statute);[1] Rule 56, SCRCP (permitting for sanction awarding attorney's fees when affidavits are made in bad faith).

In South Carolina, courts interpret statutes that grant the power to award attorney's fees narrowly because these laws were enacted in derogation of the common law. *See Dowaliby v. Chambless*, 344 S.C. 558, 562, 544 S.E.2d 646, 648 (Ct.App.2001) ("A statute allowing attorney fees is in derogation of the common law and must be strictly construed.") (citations omitted). Applying this standard by analogy when reading the SCRCP, we conclude the Circuit Court has no power to sanction a party to pay the other party's attorney's fees in a dispute over payment of money in a settlement agreement.

## IV. Settlement Agreement

Because no statutory authority exists to grant attorney's fees in this situation, we must look to the language of the settlement agreement itself to determine whether its terms provided for the payment of attorney's fees in the case of breach. Settlement agreements are viewed as contracts between the parties. *See Pruitt v. South Carolina Med. Malpractice Liab. Joint Underwriting Ass'n*, 343 S.C. 335, 540 S.E.2d 843 (2001) (holding the enforcement of the terms of a settlement agreement is a contract and viewed as an action at law); *Estate of Revis v. Revis*, 326 S.C. 470, 484 S.E.2d 112 (Ct.App.1997) (using contractual interpretation standard regarding ambiguous language to determine whether to admit parol evidence about a property settlement agreement); *Ar-*

---

1. Rule 54 does not create a right to attorney's fees without authorization from a statute. *Black v. Roche Biomedical Labs.*, 315 S.C. 223, 433 S.E.2d 21, 24 (Ct.App.1993) ("Rule 54(d) ... provide[s] that a prevailing party **shall** ordinarily be entitled to recover certain costs and disbursements. Such costs and disbursements do not, however, include attorney fees.") (emphasis in original) (citation omitted).

*nold v. Yarborough,* 281 S.C. 570, 316 S.E.2d 416 (Ct.App. 1984) (holding that once attorneys agree to settle a case, the settlement cannot be repudiated unless fraud exists); *Hall v. General Exch. Ins. Corp. of N.Y.,* 169 S.C. 384, 169 S.E. 78 (1933) (ruling that punitive damages are not available for a breach of settlement agreement unless the breach of contract is accompanied by a fraudulent act).

■ The language of the settlement agreement between the Jenkinses and Nissan Car Mart does not provide for either party to collect attorney's fees in case of a breach of the agreement. The letter to the Jenkinses' lawyer states that Nissan Car Mart offered $20,000 to settle any and all claims for the current pending litigation. The Jenkinses' lawyer's letter in return merely stated the Jenkinses accepted the cash settlement. No other terms were added. Courts are not allowed to add terms to an unambiguous contract. *C.A.N. Enters., Inc. v. South Carolina Health & Human Servs. Fin. Comm'n,* 296 S.C. 373, 378, 373 S.E.2d 584, 587 (1988) ("We are without authority to alter a contract by construction or to make new contracts for the parties. Our duty is limited to the contract made by the parties themselves '... regardless of its wisdom or folly, apparent unreasonableness, or failure to guard their rights carefully.' ") (citations omitted). Since there was no contractual language providing that one party receive attorney's fees for a breach of the agreement and there is no statutory authority to award attorney's fees, the Circuit Court erred when it imposed a sanction on Nissan Car Mart requiring it to pay attorney's fees to the Jenkinses.

### V. Civil Contempt/Attorney Fees

■ Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory. Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders. *See Poston v. Poston,* 331 S.C. 106, 114, 502 S.E.2d 86, 90 (1998) ("In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees. The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding."); *Lindsay v. Lindsay,* 328 S.C. 329, 345, 491 S.E.2d 583, 592 (Ct.App.1997) ("A

compensatory contempt award may include attorney fees.") (citation omitted); *Curlee v. Howle*, 277 S.C. 377, 386–87, 287 S.E.2d 915, 919–20 (1982) ("Compensatory contempt is a money award for the plaintiff when the defendant has injured the plaintiff by violating a previous court order.... Included in the actual loss are the costs of defending and enforcing the court's order, including litigation costs and attorney's fees."). In this case, the judge's order did not find Nissan Car Mart in contempt and we cannot assume he was exercising the contempt power when he awarded attorney's fees to the Jenkinses. The order only refers to his actions as sanctions.

We note and emphasize that South Carolina law does not permit a person to be held in contempt for failure to pay a civil debt, which has arisen solely out of a contractual obligation. *Sanders v. Sanders*, 30 S.C. 229, 9 S.E. 97 (1889). Furthermore, the Constitution of South Carolina provides "[n]o person shall be imprisoned for debt except in cases of fraud." S.C. Const. art. -I, § 19; *see also Carter v. Lynch*, 429 F.2d 154 (4th Cir.1970); *Stidham v. DuBose*, 128 S.C. 318, 121 S.E. 791 (1924).

## CONCLUSION

Accordingly, the order of the Circuit Court is **REVERSED.**

CONNOR and HOWARD, JJ., concur.