KONDUROS, J.
**415 This appeal concerns the circuit court's ruling that Noaha, LLC, Luxomnia Corporation, Gary A. Anglin, Jr., Patrick F. Anglin, and Gary A. Anglin, Sr. (collectively Noaha) breached the terms of a settlement agreement as read into open court by failing to make an unconditional tender of settlement. We affirm in part and reverse in part.
PROCEDURAL BACKGROUND/FACTS
Vista Antiques and Persian Rugs, Inc. (Vista) filed suit against Noaha alleging inter alia breach of contract. After the selection of a jury, but before opening arguments in the trial, the parties reached a settlement. The record of this agreement as read by Vista's attorney in open court is as follows:
Your Honor, the settlement that's been reached is that this case will be dismissed with prejudice by an order of dismissal with prejudice to be consented to by the parties and signed by your honor.
Furthermore, the defendants, each and every one of them, will consent to and sign and deliver to me a confession of judgment which will provide for the payment of $165,000 within 18 months. And there will be additional payment terms in there, $25,000 of the 165 within 30 days.
Further, in kind consideration, in addition to the 165,000 the return of 15 rugs, three of which shall be room size **416 Herizes, the confession of judgment will have an attorney's fee provision that in the event of default, that the cost of enforcing the judgment or collecting the judgment will be recoverable.
And, finally, the confession of judgment will have a no contest stipulation. If it's required to be domesticated in some state other than South Carolina, the defendants agree not to contest the domestication.
Vista prepared a consent order and confession of judgment, which it forwarded to Noaha for execution. The order stated: "The Defendants agree to pay the Plaintiff $165,000 within 18 months, $25,000 of which shall be paid by February 3, 2006, and the balance of $140,000 in 4 equal installment payments of $35,000 plus interest beginning June 10, 2006." The confession indicated Noaha agreed to pay Vista "an attorney's fee of 25% of the amount then due in the event of any default in payment or performance under the Order."
Noaha tendered the $25,000 payment[1] to Vista accompanied by a letter stating it "had every intention of fulfilling the terms of the Settlement Agreement as expressed in Court...." However, the letter further stated "Defendants do not agree with your attempt to add interest payments or to require any payment schedule beyond the initial payment and the remaining amount due within 18 months."
Vista filed a motion asking the court to award it the full settlement amount. Vista argued Noaha tendered the $25,000 but the tender was conditional thereby violating the settlement agreement. The circuit court judge[2] determined Noaha did not timely tender *181 unconditional payment of the $25,000 as they had "agreed to 'additional terms' in open court and upon the record that were to be agreed upon, but have failed to agree to any such terms." The court ordered Noaha to pay the full $165,000 plus interest pursuant to section 34-31-20(A) of the South Carolina Code (Supp.2007) from February 2, **417 2006, the day the initial payment of $25,000 was tendered, to the date of the entry of judgment.[3] This appeal follows.
LAW/ANALYSIS
I. Breach of Settlement Agreement
Noaha contends the circuit court erred in finding it failed to make an unconditional tender to Vista. We agree.
Rule 43(k) of the South Carolina Rules of Civil Procedure provides no agreement between counsel shall be binding unless reduced in writing and entered into the record or "unless made in open court and noted upon the record." The purpose of Rule 43(k) is:
[T]o prevent fraudulent claims of oral stipulations, and to prevent disputes as to the existence and terms of agreements and to relieve the court of the necessity of determining such disputes, which it has been said are often more perplexing than the case itself. The time of the court should not be taken up in controversial matters of this character.
Ashfort Corp. v. Palmetto Constr. Group, Inc., 318 S.C. 492, 495, 458 S.E.2d 533, 535 (1995) (quoting 83 C.J.S. Stipulation § 4 (1953)); see also Motley v. Williams, 374 S.C. 107, 111, 647 S.E.2d 244, 246 (Ct.App.2007) (stating the application of Rule 43(k) will help avoid disputes regarding the terms of settlement).
Settlement agreements are reviewed by the circuit court in much the same way as contracts. Patricia Grand Hotel, LLC v. MacGuire Enters., 372 S.C. 634, 640, 643 S.E.2d 692, 695 (Ct.App.2007). When "an agreement is clear and capable of legal construction, the courts [sic] only function is to interpret its lawful meaning and the intent of the parties as found within the agreement." Messer v. Messer, 359 S.C. 614, 628, 598 S.E.2d 310, 317 (Ct.App.2004). When an agreement is plain and unambiguous, the court does not have the authority to modify its terms. Patricia Grand Hotel, 372 S.C. at 640, 643 S.E.2d at 695. "However, where 'the language of a **418 settlement agreement is susceptible of more than one interpretation, it is the duty of the court to ascertain the intentions of the parties.' " Id. (quoting Mattox v. Cassady, 289 S.C. 57, 60, 344 S.E.2d 620, 622 (Ct.App.1986) ).
Vista relies on the phrase "additional payment terms" to support its contention that the parties agreed to negotiate certain additional terms including a payment schedule, interest, and attorney's fees. Noaha claims it never agreed to additional terms and such terms were not part of the agreement as they were not read into the record.
The circuit court held a very brief hearing regarding Vista's motion to enforce the settlement agreement on the record. In this hearing, Noaha contended it never agreed to any terms other than what was specifically read into the record in open court. The circuit court judge then heard the parties in chambers so that any other evidence regarding intentions is not before us for review. Therefore, we are left primarily with the transcript of the settlement agreement to consider.
In this case, to read additional specific terms into the agreement, without evidence such terms were contemplated by the parties, seems to reach beyond our judicial purview. It is possible no actual meeting of the minds occurred in this case. See Patricia Grand Hotel, 372 S.C. at 638-39, 643 S.E.2d at 694-95 (discussing Ozyagcilar v. Davis, 701 F.2d 306 (4th Cir.1983) wherein the appellate court reversed the district court's enforcement of a settlement agreement upon a party's request when there was no meeting of the minds as to the specifics of the settlement *182 agreement). However, neither party argues there was no meeting of the minds or seeks to have the agreement set aside in this case.
In Harris-Jenkins v. Nissan Car Mart, Inc., 348 S.C. 171, 557 S.E.2d 708 (2001), the court considered whether attorney's fees were contemplated under a settlement agreement. The defendants offered $20,000 to the plaintiffs to settle all claims. Id. at 178, 557 S.E.2d at 711. The plaintiffs accepted the offer. Id. The court concluded no other terms were added, and the court was without the power to add them. Id. "We are without authority to alter a contract by construction or to make new contracts for the parties. Our duty is limited to the contract made by the parties themselves 'regardless of its **419 wisdom or folly, apparent unreasonableness, or failure to guard their rights carefully.' " Id. (quoting C.A.N. Enters. v. S.C. Health & Human Servs. Fin. Comm'n, 296 S.C. 373, 378, 373 S.E.2d 584, 587 (1988) ).
Looking at the settlement agreement, we believe Noaha made an unconditional tender of $25,000 to Vista and thereby did not breach the settlement agreement as read into the record.
II. Interest
Additionally, Noaha maintains the circuit court erred in awarding interest to Noaha from the date of the judgment. We agree.
A major point of contention in this case is if and when interest was due to Vista on the $165,000 settlement. Full payment of the $165,000 was due by July 6, 2007, eighteen months from the date of settlement, under either interpretation of the agreement.[4] Neither party disputes that this total sum was due under the settlement. Noaha contends that interest was not a part of the agreement, because it was not a term read into the record. However, interest is provided for by statute. Section 34-31-20(A) of the South Carolina Code (Supp.2007) provides "[i]n all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum."
Had Noaha breached the settlement agreement by placing conditions on the $25,000 tender, then payment of interest would accrue from the time of that breach, February 3, 2006. However, because we find Noaha made an unconditional tender that Vista refused, the running of interest stopped. See Ruscon Constr. Co. of Fla. v. Beaufort-Jasper Water Auth., 259 S.C. 314, 320, 191 S.E.2d 715, 717 (1972) ("It is a long recognized principle in our courts that a valid tender stops the running of interest."). Therefore, statutory interest applies, **420 and it would not commence until the date the full payment was due to Vista, July 6, 2007.
CONCLUSION
We find Noaha did not breach the settlement agreement and made a valid tender of $25,000 to Vista in accordance with the terms of the agreement as read in open court. We agree with the circuit court that Vista is entitled to statutory interest pursuant to section 34-31-20(A) of the South Carolina Code. However, we find the statutory prejudgment interest began to run from July 6, 2007, when the full amount of the settlement was due. Accordingly, the order of the circuit court is
AFFIRMED IN PART AND REVERSED IN PART.
ANDERSON and WILLIAMS, JJ., concur.

Noaha also gave Vista the rugs contemplated by their agreement, and there is no dispute on that point.

The trial was before Judge Reginald Lloyd who had been appointed as U.S. Attorney for South Carolina at the time of Vista's motion to enforce the settlement agreement. The motion was heard by Judge Casey L. Manning.

The payment of $25,000 was tendered on February 2, 2006. The parties agree that payment was due on or before February 3, 2006.

Noaha did not pay the settlement amount to Vista on or before July 6, 2007, nor did Noaha pay the money into the court pending the resolution of this litigation.