THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Alan Deumling, Respondent,
 
 
 

v.

 
 
 
 Paiam Etminan as
 Personal Representative, Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No.  2009-UP-414
 Submitted September 1, 2009  Filed
September 2, 2009

REVERSED

 
 
 
 Charles Mac Gibson, Jr., of Charleston, and Dennis E. O'Neill, of
 Mt. Pleasant, for Appellant.
 Nelson S. Chase, of Mt. Pleasant, for Respondent.
 
 
 

PER CURIAM: Paiam Etminan appeals the circuit court's
 order affirming the probate court's award of attorney's fees.  We reverse.[1]   
Following Souri Maranto's (Decedent's)
 death, Paiam Etminan (Personal Representative) was appointed personal
 representative of Decedent's estate.  Thereafter, Alan Deumling requested
 Personal Representative return personal property belonging to him.  Following
 Personal Representative's failure to do so, Deumling filed a motion with the
 probate court requesting the court order Personal Representative to return
 specific items and award attorney's fees associated with the action.  This
 appeal is from the circuit court's order affirming the probate court's award of
 attorney's fees to Deumling.  
Personal Representative argues attorney's fees may only be imposed
 if authorized by statute, contract, contempt, or the South Carolina Rules of
 Civil Procedure.  According to Personal Representative, he is not liable for
 attorney's fees because no court order ever found him in contempt.   We agree.
Generally, attorney's fees are not recoverable unless authorized
 by contract or statute.  Jackson v. Speed, 326 S.C. 289, 307, 486
 S.E.2d 750, 759 (1997).  Additionally, courts, by exercising their
 contempt power, can award attorney's fees under a compensatory contempt theory. Harris-Jenkins v. Nissan Car Mart, Inc., 348 S.C. 171, 178, 557 S.E.2d
 708, 711-12 (Ct. App. 2001).  Compensatory contempt seeks to
 reimburse the party for the costs it incurs in forcing the non-complying
 party to obey the court's orders.  Id.  
Here, no contract or statute authorized the award of attorney's
 fees.  Additionally, no previous court order required Personal Representative
 to return Deumling's property, and therefore the probate court could not hold
 Personal Representative in contempt.  As a result, the circuit court erred in affirming the probate
 court's award of attorney's fees.  
REVERSED.
HEARN, C.J., KONDUROS and LOCKEMY, JJ, concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.