20979

Donald KEMRY, Respondent, v. Thomas O'Dell FOX, Grace Fox, and Scherrie Kemry, a minor under the age of three (3) years, Respondents, and Lillian Baggott, who is Appellant.

(255 S. E. (2d) 836)

*Thomas P. Murphy* of *Smith & Murphy,* North Augusta, *for appellant.*

*Michael L. Johnson* of *Dufour & Dufour,* Aiken, *for respondents Fox, et al.; James M. Holly,* Aiken, *for respondent Kemry;* and *B. Henderson Johnson, Jr.,* Aiken, *G/A/L for respondent Scherrie Kemry.*

June 7, 1979.

*Per Curiam:*

This appeal is taken from an order of the lower court which awarded custody of the child to respondents Thomas O'Dell and Grace Fox. We affirm.

The child was born to Brenda Baggott when she was living with respondent Donald Kemry. In June 1977, while

she and Mr. Kemry were separated, Ms. Baggott was killed in an automobile accident. Subsequently, her friends, the Foxes, petitioned for, and received, temporary custody of Scherrie. This action was then brought by a petition of Mr. Kemry for custody of the child. By answer, the Foxes sought, *inter alia*, custody of the child. Later, Mrs. Lillian Baggott, Brenda Baggott's mother, was allowed to be interpleaded as a respondent in this action pursuant to a petition filed by her which also requested custody of the child.

Following a hearing in this matter, the lower court judge awarded custody of the child to the Foxes and provided for visitation with her by Mrs. Baggott and Mr. Kemry. Mrs. Baggott has appealed the award of custody. Mr. Kemry has not done so.

The welfare of the child and what is in his/her best interest is the primary, paramount and controlling consideration of the Court in all child custody controversies. *Cook v. Cobb,* S. C., 245 S. E. (2d) 612 (1978). While, in a contest for custody of a child between a grandparent and a party not related to the child, some weight should be given to the grandparent's status as a relative, *see* 30 A. L. R. (3d) 290, the welfare and best interests of the child are determinative. After reviewing the record and briefs in this matter, we conclude that the lower court properly awarded custody of the child to the Foxes.