21586

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant, v. Debra Lane HYATT and Carla Faith Hyatt, a minor under the age of seven years, Respondents.

(283 S. E. (2d) 445)

*Vinton D. Lide* and *Stephen L. Elliott*, Columbia, *for appellant.*

*A. LaFon LeGette, Jr.*, Latta, and *L. Casey Manning*, Dillon, *for respondents.*

October 12, 1981.

*Per Curiam:*

The South Carolina Department of Social Services appeals from a circuit court order directing it to pay for services rendered by a guardian *ad litem* for a minor child and the court-appointed attorney of the child's mother in its unsuccessful action to terminate the parental rights of Debra Lane Hyatt. It contends that the family court lacked authority to order it to pay such fees in the absence of legislative appropriations for such expenditures.

Section 15-37-200, S. C. Code (1976) provides that the State is liable for costs in civil actions prosecuted in its name by a duly authorized officer to the same extent as private parties. A guardian *ad litem* is entitled to compensation for services and reimbursement for necessary expenses. 43 C.J.S. *Infants* § 237 (1978). Attorney fees are not ordinarily recoverable unless authorized by contract or statute. *Hegler v. Gulf Ins. Co.*, 270 S. C. 548, 243 S. E. (2d) 443 (1978). However, Family Court Rule 3.9 provides that a court may tax costs for both legal counsel and guardian *ad litem* appointed to protect the interests of a child. There is no cor-

154

responding rule or statute authorizing the family court to order payment of attorney fees for parents except in cases of marital litigation. *See* Section 20-3-120, S. C. Code (Cum. Supp. 1980). Although the Department of Social Services is not liable for attorney fees for indigent parents whose parental rights it is seeking to terminate, it is liable for the guardian *ad litem* fees ordered by the lower court.

We are, however, of the opinion that the three hundred ██ dollar fee the Department of Social Services was ordered to pay the guardian *ad litem* of the minor child was excessive and constituted an abuse of discretion by the family court. In fixing the amount of compensation to be paid to a guardian *ad litem,* a court should consider the character of the litigation, the issues involved, the services performed, the care and diligence exhibited, and the results achieved. 43 C.J.S. *Infants* § 238 (1978). Additionally, the court should consider the customary fee for similar services and the financial condition of the party being ordered to make the payment or, as in the instant case where a State agency is involved, the amount of funds available to make such payments. In light of these factors, it is our determination that a fee of fifty dollars is reasonable, absent extraordinary circumstances.

Accordingly, the family court is reversed on the issue of payment of fees for the mother's attorney and affirmed, but modified, on the issue of payment of fees by the Department of Social Services for the minor child's guardian *ad litem.*