23040

John DUNN and Shirley Dunn, Appellants-Respondents v. Jonathan DUNN, a minor under the age of two (2) years, Charlene Dunn, the natural mother of the minor child, Mike Anderson, the natural father of the minor child and South Carolina Department of Social Services, of whom Jonathan Dunn, a minor under the age of two (2) years, Charlene Dunn, the natural mother of the minor child and South Carolina Department of Social Services are Respondents-Appellants.

(380 S. E. (2d) 836)

Supreme Court

366

*Steven E. Solomon*, Myrtle Beach, *for appellants-respondents*.

*Virginia W. Batson*, Columbia, *for respondent-appellant South Carolina Dept. of Social Services*.

*James L. Hills*, Myrtle Beach, *Guardian ad Litem, for respondent-appellant Jonathan Dunn*.

*John L. Sherrill*, Surfside Beach, *Guardian ad Litem, for respondent-appellant Charlene Dunn*.

*Mike Anderson*, Myrtle Beach, *pro se*.

Heard April 5, 1989.

Decided June 26, 1989.

CHANDLER, Justice:

John and Shirley Dunn (Grandparents) petitioned to adopt Jonathan, their two-year-old grandson. Jonathan's mother, Charlene, the daughter of Grandfather and stepdaughter of Grandmother, had previously voluntarily relinquished the child to Department of Social Services (Department), who opposes the adoption. From the Family Court's denial of the petition, Grandparents and Jonathan appeal. Department appeals the fee awarded Jonathan's guardian ad litem. We affirm in part and reverse in part.

## FACTS

Charlene, who is mentally deficient, gave birth to Jonathan on March 8, 1985. Although her relationship with Grandparents was marked by strife and acrimony, she and Jonathan resided with Grandparents from the time of his birth, except for a short period when they lived in the home of her boyfriend.

On May 19, 1987, Charlene executed a voluntary placement agreement which allowed Department to place Jonathan in a foster home for ninety days; on July 31, she relinquished Jonathan to Department for adoption.

## ISSUES

The two issues raised by the appeals are whether Family Court erred:

1. In denying Grandparents' petition to adopt.
2. In awarding a fee of $1,125 to the guardian ad litem.

## I. ADOPTION

Grandparents contend that S. C. Code Ann. § 20-7-1820 (Supp. 1988) creates a "preference" for blood relatives in adoption proceedings. This contention misreads the statute. Section 20-7-1820 provides that in the adoption of children by blood relatives, certain procedural requirements are relaxed. The statute, however, does not give a "preference" to blood relatives. The best interest of the child remains, always, the paramount consideration in every adoption. *Chandler v. Merrell*, 291 S. C. 227, 353 S. E. (2d) 135 (1987); *Galloway v. Galloway*, 249 S. C. 157, 153 S. E. (2d) 326 (1967); *see also* S. C. Code Ann. § 20-7-1760 (B)(6) (Supp. 1988). The grandparent-status of petitioners is

but one factor in determining the child's best interest. *See Kemry v. Fox*, 273 S. C. 268, 255 S. E. (2d) 836 (1979).

The Family Court determined that adoption by Grandparents would not be in Jonathan's best interest. While it is clear from the record that the Court's decision was a difficult one, involving the emotions and concerns of Grandparents, we concur for the reasons stated in the order.

Grandparents, in their late forties, are both physically disabled. For income they are dependent entirely upon Social Security in an amount which barely exceeds expenses, not including those to be incurred in the raising of a child. They, as well as five of their six children, have not completed high school, a compelling statistic underscoring their lack of emphasis upon the importance of education.

Finally, the bitter conflict between Grandparents and Charlene militates against this adoption. We share the Family Court's concern that "the severity of the conflict and the powerful emotions involved create an unhealthy atmosphere for [rearing] Jonathan" and that "[i]f he were in that home, he would continue to be the focus of friction" between the Grandparents and Charlene.

Notwithstanding this Court's scope of review in matters of equity, we accord great deference to factual findings of the trial court. As we stated in *Bevis v. Bevis*, 254 S. C. 345, 175 S. E. (2d) 398 (1970), an adoption case:

> In determining matters of this kind a wide discretion must be allowed the trial judge who sees and observes the parties and, of necessity, acquires a peculiar knowledge and comprehension of the situation from close contact with it.

254 S. C. at 355, 175 S. E. (2d) at 402.

Accordingly, we affirm denial of the adoption.

## II. GUARDIAN AD LITEM FEE

The Family Court awarded Jonathan's guardian ad litem $1,125 in fees, of which Department is required to pay $750.

Department concedes that the guardian ad litem's fee may be assessed in an adoption proceeding, but contends no au-

thority exists for its assessment in an action brought *against* Department in which it *prevails*. We disagree.

Department's contention that costs may be charged against the State and its agencies *only* as provided in S. C. Code Ann. § 15-37-200 (1976), which allows such costs "in civil actions prosecuted in the name of the State," is without merit. In addition to its liability under § 15-37-200 the State may be assessed costs the same as any other defendant. *See, Sawyer v. State Highway Dep't*, 164 S. C. 53, 161 S. E. 883 (1932).

Department's further contention that no authority exists for assessment of costs against the prevailing party is equally without merit. Under S. C. Code Ann. § 15-37-10 (1976), in equity cases there is no mandate that costs be taxed against the losing party; liability for costs is in the court's discretion. *South Orange Trust Co. v. Conner*, 228 S. C. 218, 89 S. E. (2d) 372 (1955); *Cauthen v. Cauthen*, 81 S. C. 313, 62 S. E. 319 (1908).

Department, relying upon *South Carolina Dep't of Social Services v. Hyatt*, 277 S. C. 152, 283 S. E. (2d) 445 (1981), contends that the $1,125 fee is excessive. After enumerating factors to be considered in setting a guardian ad litem fee, *Hyatt* concluded that, absent extraordinary circumstances, a $50 fee is reasonable.

The record demonstrates the complexity of this litigation, so that an award greater than $50 is clearly warranted. We hold, however, that the amount here was excessive and reduce to $750, of which Department shall pay $375.

Affirmed in part; reversed in part.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.