23995

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant v. Kathleen THARP and Albert Tharp, Defendants. Ex parte Janne B. OSBORNE, Attorney for Kathleen Tharp, and M. Elizabeth Rhoad, Guardian ad Litem for Kathleen Tharp, Respondents.

(439 S.E. (2d) 854)

Supreme Court

*Elizabeth K. Stricklin,* of *South Carolina Dept. of Social Services,* Columbia, *for appellant.*

*James B. Osborne,* Orangeburg, *for respondent Kathleen Tharp.*

*M. Elizabeth Rhoad,* of Bamberg, *Guardian ad Litem for respondent Kathleen Tharp.*

Heard Nov. 17, 1993.

Decided Jan. 17, 1994. Reh. Den. Feb. 16, 1994.

CHANDLER, Judge:

The South Carolina Department of Social Services (DSS) was successful in terminating the parental rights of Kathleen Tharp (Mother) and Albert Tharp (Father).[1] Family Court ordered DSS to pay the fees of *both* the attorney and *Guardian ad Litem* (GAL) appointed to represent Mother. DSS appeals the assessment of fees.

We affirm in part, reverse in part and remand.

## FACTS

Mother is a paranoid schizophrenic whose two children, ages 13 and 11, have been in DSS custody since 1984. When it became apparent that Mother would never be capable of adequately caring for the children, Family Court ordered that DSS institute termination of parental rights (TPR) proceedings. It ordered, further, that Janne Berry Osborne (Attorney) to be appointed to represent Mother; M. Elizabeth Rhoad was appointed Mother's GAL.

By order dated October 22, 1991, Family Court terminated parental rights of Mother and Father and, additionally, ordered that DSS pay Mother's attorney's fees and GAL fees. DSS' motion for reconsideration of the fee assessments was denied.

---

[1] Father did not appear or otherwise answer.

## ISSUES

1. Was assessment of GAL fees against DSS proper?
2. Was assessment of attorney's fees against DSS proper?
3. Does appointment of counsel to represent, without compensation, an indigent parent in a TPR proceeding constitute a "taking"?[2]

## DISCUSSION

### I. *GAL Fees*

DSS asserts that assessment of GAL fees against it was improper. We disagree.

Exclusive jurisdiction of Family Court to hear and determine TPR cases is conferred by subsection (4) of S.C. Code Ann. § 20-7-420 (1992). Specifically, subsection (37) of § 20-7-420 vests Family Court with authority:

> To appoint guardians ad litem and determine their compensation, fees, and costs and *to assess as compensation*, fees and costs against the person represented by the guardian ad litem or *against any other person or party involved in the action.* (Emphasis supplied.)

The foregoing language clearly vests Family Court with jurisdiction to assess GAL fees against any party involved. Here, DSS is such a party.

DSS's contention that assessment of GAL fees is limited to cases in which it was the losing party is without merit. We held to the contrary in *Dunn v. Dunn,* 298 S.C. 365, 380 S.E. (2d) 836 (1989). Accordingly, we find DSS liable for a *reasonable* GAL fee.

Here, Family Court ordered that DSS pay $1,702.50. On the present record, however, there is no evidence that this amount is reasonable and, accordingly, we remand for a hearing *de novo* and development of a full record.

### II. *Attorney's Fees*

DSS asserts that assessment of an attorney's fees against it is prohibited by statute. We agree.

Attorney's fees are not recoverable unless authorized by contract or by statute. *Hegler v. Gulf Inc. Co.,* 270 S.C. 548, 243 S.E. (2d) 443 (1978). There being no statu-

[2] U.S. Const. amend. V; S.C. Const. Art. 1, § 13.

tory authority, it was error to award attorney's fees against DSS.

■ S.C. Code Ann. § 15-77-300 (Supp. 1992) provides, in part:

*In any civil action brought by the State,* any political subdivision of the State or any party who is contesting state action, *unless the prevailing party is the State or any political subdivision of the State,* the court may allow the prevailing party to recover reasonable attorney's fees to be taxes as court costs against the appropriate agency. . . . (Emphasis supplied.)

Here, DSS, an agency of the State, was clearly the prevailing party and, accordingly, the statute does not authorize an award of attorney's fees. Moreover, this Court has specifically held that DSS is not liable for the attorney's fees of indigent parents whose parental rights it seeks to terminate. *South Carolina Dept. of Social Services v. Hyatt,* 277 S.C. 152, 283 S.E. (2d) 445 (1981).

Attorney contends that S.C. Code Ann. § 20-7-420(38) authorizes Family Court to assess DSS her fee for representing Mother. We disagree.

In *Spartanburg County DSS v. Little,* — S.C. —, 420 S.E. (2d) 499 (1992), this Court recognized that S.C. Code Ann. § 15-77-300, a more specific statute dealing with civil actions instituted by the State, prevails over the general provisions of § 20-7-420(38) relied upon by Attorney. Accordingly, § 15-77-300 operates to prohibit Attorney's claim for fees.

### III. *Taking*

Finally, Attorney asserts that appointment of counsel
■ to represent indigent parents in TPR cases amounts to a taking without just compensation, if DSS is not obligated to pay the fees.

The Court of Appeals, in *Ex Parte Dibble,* 279 S.C. 592, 594, 310 S.E. (2d) 440, 441 (Ct. App. 1983), citing the "duty attendant to public office which the lawyer voluntarily seeks," held that lawyers appointed to represent an indigent inmate in his civil suit against the State, were not deprived of property without just compensation.

More recently, courts have split as to whether appointment

of counsel, *pro bono*, to represent indigents amounts to a taking. A number of jurisdictions accord with *Ex Parte Dibble* and find no taking in light of an attorney's obligation to represent the defenseless or oppressed. *See e.g., In re Farrell*, 127 Misc. (2d) 350, 486 N.Y.S. (2d) 130 (1985); *Yarborough v. Superior Court*, 150 Cal. App. (3d) 388, 197 Cal. Rptr. 737 (1st Dist. 1983) *vacated on other grounds*, 39 Cal. (3d) 197, 216 Cal. Rptr. 425, 702 P. (2d) 583 (1985); *New Jersey Div. of Youth Services v. D.C.*, 118 N.J. 388, 371 A. (2d) 1929 (1990); *In re: Amendments to Rules Regulating the Florida Bar*, 573 So. (2d) 800 (1990); *see generally Annot.* 52 A.L.R. (4th) 1063 (1987).

Other jurisdictions equate the practice of law with a property right to hold that appointment without compensation constitutes a taking. *See State ex rel Scott v. Roper*, 688 S.W. (2d) 757 (Mo. 1985); *Bedford v. Salt Lake County*, 22 Utah (2d) 12, 447 P. (2d) 193 (1968); *Menin v. Menin*, 79 Misc. (2d) 285, 359 N.Y.S. (2d) 721 (1974).

Yet, another approach has been to find that *pro bono* appointments do not constitute a *per se* taking but that, at some point, the burden on particular attorneys may become so excessive as to rise to the level of a taking. *See Family Division Trial Lawyers v. Moultrie*, 233 U.S. App. D.C. 168 725 F. (2d) 695 (1984). *See also In Re: Amendments to Rules Regulating Florida Bar, supra* (attorneys may challenge appointments where they take a substantial portion of a lawyer's available services).

We need not, in this case, decide whether excessive appointments may, at some point, place such a burden on an attorney's time and services as to constitute a taking. It is clear from the present record that no taking occurred: Attorney was appointed to this matter in December 1990, at a very late stage of the proceedings. Here, we find no taking.

### . *CONCLUSION*

We affirm Family Court's assessment of GAL fees but remand for redetermination of an appropriate amount. We reverse the assessment of Mother's attorney's fees against DSS.

Affirmed in part; reversed in part and remanded.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.