24226

Melvin L. ROBERTS, Respondent/Appellant v. STATE of South Carolina, York County, a body politic, and a political subdivision of the State of South Carolina, and George A. Market, Director of Court Administration, Appellants/Respondents.

(456 S.E. (2d) 905)

Supreme Court

*Melvin B. McKeown, Jr.,* of *Spratt, MeKeown & Bradford,* York, *for appellant/respondent York County.*

*Edwin E. Evans, Sp. Asst. Atty. Gen.,* of *State Budget & Control Board,* Columbia, *for State of S.C.* and *George A. Markert.*

*Daniel D. D'Agostino,* of *Melvin L. Roberts & Associates,* York, *for respondent/appellant.*

Heard Feb. 9, 1995.

Decided Apr. 3, 1995; Reh. Den. May 4, 1995.

MOORE, Justice:

This appeal is from an order awarding attorney's fees for the representation of an indigent defendant in a noncapital criminal case. We reverse.

## FACTS

Respondent-appellant (Attorney) practices law in York County. On April 8, 1991, he was appointed to represent an indigent noncapital defendant after the Public Defender's Office was relieved from representation because of a conflict of interest. Attorney spent a total of 14½ hours working on the case. After the case was resolved by a guilty plea, Attorney submitted a Defense of Indigent voucher to the circuit court on which he deleted the statutory rates included on the voucher form and inserted the rate of $125 per hour for a total fee of $1,812.50. On April 29, 1991, the administrative judge wrote on the voucher: "Denied and payment not authorized as the basis for the sum submitted exceeds the statutory rate." The statutory rate at the time was $10 per hour for out-of-court time and $15 per hour for in-court time with a cap of $500 in a noncapital case. S.C. Code Ann. § 17-3-50 (1985).[1]

---

[1] This statute was amended effective July 1, 1993, and now provides for fees of $40 out-of-court and $60 in-court with caps of $3,500 in noncapital felony cases and $1,000 in misdemeanor cases. S.C. Code Ann. § 17-3-50 (Supp. 1993).

Subsequently, Attorney commenced this declaratory judgment action against the State, York County, and the Director of Court Administration alleging their failing to pay the bill he had submitted for services rendered and seeking a ruling the statutory fees were unconstitutional. The master held the statutory fees were so low as to constitute a taking of property. Further, he held it was only "just and fair" that this Court's holding in *Bailey v. Aiken County*, 309 S.C. 455, 424 S.E. (2d) 503 (1993), be applied to noncapital cases as well as capital cases. He found a reasonable rate of compensation to be $40 per hour out-of-court and $50 per hour in-court and concluded Attorney was entitled to a total fee of $580. All parties appeal.

## ISSUES

1. Does application of the statutory fees constitute a taking in this case?

2. Does *Bailey* apply in this case?

3. Does Attorney's appointment violate the Thirteenth Amendment?

## DISCUSSION

### A. *YORK COUNTY'S AND THE STATE'S APPEALS*

York County and the State contend the master erred in holding the statutory rate in effect at the time of Attorney's representation was such a low rate of compensation as to constitute an unconstitutional taking of property. We agree this was error.

This Court recently held in *South Carolina Dept. of Social Services v. Tharp*, 312 S.C. 243, 439 S.E. (2d) 854 (1994), that appointment of counsel without compensation does not constitute a taking of property where the burden on the attorney is not excessive. *Tharp* is dispositive of the issue in this case. The record indicates Attorney's appointment did not materially affect his income for the year in question and the number of hours spent on the case was minimal. Further, in this case Attorney may claim the fees provided by statute, whereas the attorney in *Tharp* was totally uncompensated. Under *Tharp*, we find no taking here since the burden on Attorney was not excessive.

■ York County and the State further contend the master erred in applying our decision in *Bailey* to this case. In *Bailey*, we held the former statutory scheme for compensation in *capital* cases was "fundamentally unfair" given the extraordinary amount of time, effort, and commitment required of counsel in such cases. To render the statutory fees reasonable, we found the hourly rates and fee caps operated only to limit the State's liability, leaving the county to supplement as required in a given case.

The master found it was unfair not to apply the reasoning of *Bailey* to the case at hand. This was error for two reasons: (1) *Bailey* does not apply to cases tried before the *Bailey* decision was issued on December 7, 1992, as we held recently in *Ex parte Hardaway*, 314 S.C. 22, 443 S.E. (2d) 569 (1994); and (2) *Bailey* distinguishes capital cases from other criminal cases because of the required expertise and extraordinary burden borne by death penalty counsel. We find no fundamental unfairness in the application of the statutory fees in a noncapital case.

## B. *ATTORNEY'S APPEAL*

■ Attorney contends the master erred in finding no violation of the Thirteenth Amendment's prohibition against involuntary servitude. As noted in the *Bailey* decision, an attorney admitted to the Bar in this State voluntarily submits to appointment for indigent representation by the act of taking the oath of admission. 309 S.C. at 456, 424 S.E. (2d) at 504. Courts recognizing the voluntariness of this commitment have consistently rejected a Thirteenth Amendment challenge to appointed representation. *See In re Amendments to Rules*, 573 So. (2d) 800 (Fla. 1990) *and case cited therein*. Accordingly, we find no Thirteenth Amendment violation here.

## CONCLUSION

We conclude the master erred in awarding fees in excess of the applicable statutory rate. Accordingly, we reverse the award of fees. In light of this disposition, we need not address the remaining issues raised by the parties.

Reversed.

FINNEY, C.J., and TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.