24284

Margaret E. SMOAK and Lila S. Easterlin, Respondents-Appellants v. CAR-
PENTER ENTERPRISES, INC. and Ronald N. Carpenter, Appellants-
Respondents.

(460 S.E. (2d) 381)

Supreme Court

*William S. Barr, Barr, Barr & McIntosh,* Charleston, *for appellants-respondents.*

*J. Randolph Pelzer,* Charleston, *for respondents-appellants.*

Heard May 31, 1995.

Decided July 24, 1995; Reh. Den. Aug. 24, 1995.

WALLER, Justice:

This is a breach of contract action in which both sides appealed. We affirm in part and reverse in part.

## FACTS

Respondents-Appellants Margaret E. Smoak and Lila S. Easterlin (Sellers) were co-owners of Port City Paper Company (Port City). In 1991, they sold Port City to Carpenter Enterprises, Inc. In conjunction with the sale, Sellers, as a business and individually, agreed not to compete with Carpenter Enterprises for a period of five years. In return, Carpenter Enterprises agreed to make certain monthly payments to each individual Seller during the five-year period. Ronald Carpenter, Carpenter Enterprises' CEO, personally guaranteed the obligations of Carpenter Enterprises under the noncompete agreements.[1]

When Carpenter stopped making monthly payments, Sellers brought this action for breach of contract. Sellers also sought attorney's fees and costs. Carpenter denied any breach on its part and counterclaimed for breach of contract, breach of warranty, fraud, and negligent misrepresentation.

At trial, the judge directed a verdict in favor of Sellers on their breach of contract action and later held that Sellers were entitled to past amounts due under the noncompete agreements. On Carpenter's counterclaims, the jury found in favor of Sellers. As to Sellers' action for attorney's fees, the judge held that Sellers were entitled to recover fees associated with the prosecution of their breach of contract action but were not entitled to recover any fees associated with the defense of Carpenter's counterclaims.

## DISCUSSION

Carpenter first argues the trial judge erred in charging the jury on the breach of contract and breach of warranty counterclaims. Specifically, Carpenter contends that because Sell-

---

[1] Carpenter Enterprises, Inc., and Ronald Carpenter are referred to collectively as "Carpenter."

ers introduced evidence that Carpenter was negligent in reviewing certain financial information, the trial judge erred in failing to give the following requested charge: "Contributory negligence is not available as a defense to the party who is being sued for breach of contract." We disagree.

The record indicates the trial judge properly charged the jury. In doing so, the judge essentially told the jury that Carpenter's act of reviewing the financial information was immaterial because a breach on Sellers' part entitled Carpenter to recover damages. *See Orders Distrib. Co., Inc. v. Newsome Carpets*, 308 S.C. 429, 418 S.E. (2d) 550 (1992) (failure to give a requested jury instruction is not prejudicial error when the instructions given afford the proper test for determining the issues). Further, a charge on contributory negligence, a tort concept, would have been inappropriate and confusing in the breach of contract and breach of warranty actions. *See Jennings v. Clearwater Mfg. Co.*, 171 S.C. 498, 172 S.E. 870 (1934) (the trial jury should not confuse the jury by charging legal principles which are inapplicable to the case).

Carpenter also argues the trial judge erred in holding that Sellers were entitled to recover attorney's fees associated with the prosecution of their breach of contract action. We agree.

In holding that Sellers were entitled to recover attorney's fees, the trial judge relied on Article 12 of the parties' purchase and sale agreement in which Carpenter Enterprises agreed to "indemnify and hold [Sellers] harmless" for certain damages, costs, and expenses. This was error. Article 12 is an indemnification provision limited to the reimbursement for damages, costs, expenses, etc. incurred in third-party actions, not actions between the contracting parties themselves. This interpretation of Article 12 is supported by a reading of the entire purchase and sale agreement which, by its terms, clearly recognizes the potential for third-party liability. *See Jordan v. Security Group, Inc.*, 311 S.C. 227, 428 S.E. (2d) 705 (1993) (when language in a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect).

Consequently, as attorney's fees incurred in actions between the parties were not recoverable under the terms of Article 12, and there was no other provision in

the parties' agreement specifically dealing with the recovery of attorney's fees by Sellers in an action between the parties, such fees were not recoverable in this case. *South Carolina Dep't of Social Services v. Tharp,* — S.C. —, 439 S.E. (2d) 854 (1994) (as a general rule, attorney's fees are not recoverable unless authorized by contract or statute); *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 427 S.E. (2d) 659 (1993); *Duke Power Co. v. South Carolina Public Service Comm'n,* 284 S.C. 81, 326 S.E. (2d) 395 (1985). Accordingly, we reverse Sellers' award of attorney's fees.[2]

Affirmed in part; reversed in part.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

[2] We need not address the other issues regarding attorney's fees. The remaining issues are affirmed pursuant to Rule 220, SCACR.