THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Vaughn Coltrane & Associates, Inc.,       
Plaintiff,
 
 
 

v.

 
 
 
LaM Distribution, LLC and Fidelity & Deposit Company of Maryland,       
Defendants.

 LaM Distribution, LLC,       
 Appellant,
 
 
 

v.

 
 
 
Vaughn Coltrane & Associates, Inc., KCV Construction Services, Inc.; 
 Albert V. Coltrane, P.E.,        Respondents.
 
 
 

Appeal From Calhoun County
James C. Williams, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-309
Submitted April 12, 2004  Filed May 
 7, 2004

REVERSED

 
 
 
Henry W. Brown and John W. Davidson, 
 both of Columbia, for Appellant.
R. Davis Howser, George V. Hanna, IV and Andrew E. Haselden, 
 all of Columbia, for Respondents.
 
 
 

PER CURIAM:  In this dispute relating to 
 the construction of a freezer facility, Appellant LaM Distribution (LaM) contends 
 the trial court erred in concluding Respondent Vaughn Coltrane & Associates 
 (VCA) had not breached its contract with LaM and in discounting the award of 
 damages to LaM for fees not paid to VCA.  We reverse. 
 [1] 
FACTS
On March 30, 1998, LaM secured a building permit 
 for a $6,500,000.00 refrigerated warehouse facility to be constructed in Calhoun 
 County, South Carolina.  Employing temperatures as low as -25 degrees Fahrenheit, 
 the facility freezes and stores food products and other perishables.  To design 
 and manage construction of the facility, LaM contracted for the services of 
 VCA, a consulting engineering firm specializing in food industry services.  
 The agreement between the parties contained the following clause:

3.  VCA will be responsible for exercising the degree of skill 
 and care required by customarily accepted, good professional engineering practices 
 and procedures.

Construction of the facility took longer than planned.  
 When the project was approximately sixty-five percent complete, LaM discovered 
 various design and construction problems.  A dispute then arose regarding lack 
 of payment of some of the construction management fees owed to VCA.  As a result 
 of the dispute, VCA left the job prior to the completion of construction, thereby 
 leaving unfulfilled its contractual obligations.  All told, LaM paid VCA $284,498.21 
 for the work, but did not pay approximately $89,000.00 in fees charged during 
 the last portion of the construction management phase of the project.
After construction was complete and the facility 
 went into operation, LaM discovered additional problems with the design and 
 construction of the facility.  To assess the condition of the facility, LaM 
 engaged the services of Facilities Design, Inc., an engineering company with 
 experience in the design of cold storage facilities and construction management.  
 Over the course of its investigation, Facilities Design found nineteen defects 
 in the facilitys design and construction.  These deficiencies included various 
 instances of inadequate insulation, improper wiring, insufficient emergency 
 lighting, lack of proper drainage, and various code violations.
VCA eventually filed suit against LaM to collect 
 the unpaid fees, alleging causes of action for breach of contract, quantum meruit, 
 and foreclosure of mechanics lien.  LaM answered and counterclaimed, alleging 
 causes of action for breach of contract, negligence, fraudulent misrepresentation, 
 constructive fraud, negligent misrepresentation, breach of implied warranty, 
 and breach of express warranty.
By order dated May 30, 2001, the trial court granted 
 LaMs motion for summary judgment on all causes of action alleged against it 
 by VCA.  In so ruling, the court noted VCA was not properly licensed to practice 
 engineering in South Carolina because it lacked a Certificate of Authorization 
 as required by statute.  Because VCA had not complied with the statutory mandate, 
 the court held VCA is prohibited from enforcing this contract and collecting 
 its fees.  VCA did not appeal the order.
With only LaMs counterclaims remaining, the parties 
 tried the matter without a jury in February 2002.  The trial court ruled in 
 favor of LaM on only its negligence cause of action, finding VCA liable for 
 eight of the alleged nineteen design and construction defects.  Of the eight 
 defects found, however, the court awarded LaM compensation for only six and 
 also reduced damages to account for VCAs unpaid fees, thereby arriving at a 
 total award of $34,140.00.  LaM now appeals.
STANDARD OF REVIEW
An action for breach of contract is an action at 
 law.  Roberts v. Gaskins, 327 S.C. 478, 483, 486 S.E.2d 771, 773 (Ct. 
 App. 1997).  In an action at law, on appeal of a case tried without a jury, 
 the findings of fact of the judge will not be disturbed upon appeal unless found 
 to be without evidence which reasonably supports the judges findings.  Townes 
 Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 
 (1976).
LAW/ANALYSIS
Contract
LaM asserts the trial court erred in failing 
 to find VCA had breached its contract with LaM.  We agree.
In concluding VCA had not breached its 
 contract by discontinuing work on the project, the trial court stated, the 
 evidence further discloses that LaM failed to pay VCA and/or KCV for the work 
 it performed under the contract, thereby giving VCA and KCV the legal right 
 to pull off of the job based on this non-payment of agreed to fees.  The court 
 also indicated other actions by LaM that contributed to affording VCA the legal 
 right to discontinue its performance under the contract.  In essence, the court 
 ruled LaMs non-payment and other actions amounted to a material breach of the 
 contract, thereby relieving VCA of its obligation to perform.  
While the trial court is correct that the legal 
 consequences of one partys material breach is to relieve the other contracting 
 party of its performance obligation, that rule has no application in the present 
 case.  As previously noted, VCA failed to appeal the court order of May 30, 
 2001, dismissing its breach of contract claim against LaM.  As an unappealed 
 order, all the findings of fact and legal conclusions contained thereinincluding 
 the ruling that LaM did not breach the contractare now the indisputable law 
 of the case.  See Charleston Lumber Co. v. Miller Housing Corp., 
 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (unappealed ruling is law of the 
 case).  Because the prior order established as a matter of law that LaM did 
 not breach the contract, VCA cannot take a second bite at the apple by defending 
 itself on the grounds that LaM materially breached the contract.
Because VCA offered no other defense or excuse 
 for its nonperformance, and the incontrovertible evidence before the court established 
 that VCA did not fulfill its contractual obligation, LaMs breach of contract 
 cause of action must succeed as a matter of law.  The trial courts failure 
 to rule accordingly amounts to an error of law.  
Moreover, the trial courts decision on this matter 
 must be reversed because its conclusion that VCA acted negligently in performance 
 of its duties cannot be squared with the implied conclusion that VCA did not 
 breach its contractual obligation to exercise the degree of skill and care 
 required by customarily accepted, good professional engineering practices and 
 procedures. 
Offset
LaM next asserts the trial court erred 
 in reducing LaMs damages to account for VCAs unpaid fees.  We agree.
Although the trial court found VCA liable 
 on LaMs negligence cause of action, the court also found LaM was comparatively 
 negligent:
I find that the Plaintiff has proven both negligent design 
 and/or negligent construction management as to certain of the nineteen items 
 litigated in this trial as set forth in the discussion, which follows.  I further 
 find that the Plaintiff was comparatively negligent as to certain of the nineteen 
 items litigated at trial.
The trial court concluded LaMs comparative negligence 
 extended to six of the items.  The court reduced LaMs award for one item by 
 twenty percent and reduced the award for the remaining five by fifty percent.  
 For each incident of comparative negligence, the court stated the reason for 
 reducing the damages award was because LaM failed to pay VCAs full fee and 
 that some of the defects would have been avoided had VCA remained on the job. 

While comparative negligence provides 
 a sound basis for reducing tort damages, the concept has no application outside 
 tort law.  Indeed, under contract theory, comparative negligence provides no 
 basis for reducing a damages award.  See Smoak v. Carpenter Enters., 
 Inc., 319 S.C. 222, 224, 460 S.E.2d 381, 383 (1995) (Further, a charge 
 on contributory negligence, a tort concept, would have been inappropriate and 
 confusing in the breach of contract and breach of warranty actions.).  Given 
 our conclusion above that LaM is entitled to recover on its breach of contract 
 claim, LaM is entitled to recover in full for each item.
 REVERSED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.