PER CURIAM:

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Paul C. Small and Joselene S.
Small,        Plaintiffs,
 
 
 

v.

 
 
 
Nicole C. Piper,       
Defendant,
Nicole D. Kane Piper f/k/a Nicole Denise Weaver,       
Plaintiff,
 
 
 

v.

 
 
 
Robert Eugene Weaver and Joselene S. Small,       
Defendants,
And Joselene S. Small,       
Cross-Plaintiff,
 
 
 

v.

 
 
 
Curtis Piper,       
Cross-Defendant,
Of Whom Joselene S. Small is the       
Appellant.
And Nicole C. Piper and Curtis Piper are the       
Respondents.
 
 
 

Appeal From York County
Robert E. Guess, Family Court Judge

Unpublished Opinion No. 2004-UP-407
Submitted April 6, 2004  Filed June 
 23, 2004
Revised & Refiled September 10, 
 2004

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

 
 
 
John D. Elliott, of Columbia, for Appellant.  
Nicole and Curtis Piper of York, Respondents.
 
 
 

PER CURIAM:  Joselene S. Small appeals the family courts order requiring 
 her to pay one-half of the guardian ad litems (Guardians) fees, one-half of 
 the guardians attorneys fees, and a substantial portion of Nicole and Curtis 
 Pipers attorneys fees.  We affirm in part, reverse in part, and remand. 
 [1] 
FACTS
Nicole Piper and Robert Weaver were divorced in 1993.  Piper was 
 granted custody of the parties two minor children with visitation rights for 
 Weaver.  In 1996, Weavers visitation was restricted to permit visits only under 
 the supervision of the childrens paternal grandparents, Joselene and Paul Small.  
 Later that year, Weaver was incarcerated and the family court issued a temporary 
 order allowing the Smalls to continue visitation.  The Smalls exercised this 
 visitation until Weaver was released from prison in 1997.  Afterward, Weaver 
 resumed visitation supervised by the Smalls.  
In 2000, Piper brought this action against Weaver and Joselene Small 
 to suspend visitation.  Weaver and Small counterclaimed for custody and requested 
 Piper be held in contempt for refusing to allow visitation.  The court appointed 
 a guardian ad litem to represent the interests of the children.  The guardian 
 hired an attorney to represent her. 
The family courts final order terminated Smalls visitation and 
 suspended Weavers pending a determination if it would be in the best interest 
 of the children for his visits to resume.  The court also found Pipers decision 
 to stop the visitation was not contemptuous.  The order required Small and Piper 
 to each pay one-half of the fee awarded to the guardian and one-half of the 
 guardians attorneys fees.  The court also required Small to pay a substantial 
 portion of attorneys fees incurred by Piper and her husband.  
DISCUSSION
In appeals from the 
 family court, we may find the facts in accordance with our own view of the preponderance 
 of the evidence.  This broad scope of review does not, however, require us to 
 disregard the findings of the family court judge, who saw and heard the witnesses 
 and was in a better position to evaluate their credibility and assign comparative 
 weight to their testimony.  Hollar v. Hollar, 342 S.C. 463, 472, 536 
 S.E.2d 883, 887 (Ct. App. 2000).  
I.  Guardians 
 Authority to Hire an Attorney
Small contends the family court 
 erred in awarding attorneys fees to the guardians attorney, arguing the guardian 
 improperly retained counsel without obtaining prior authorization from the family 
 court.  We disagree.
At the time this case 
 was before the family court, there was no requirement for a guardian to seek 
 prior approval from the court before retaining counsel. [2]   However, Rule 12, SCRFC provides that [i]f a guardian ad 
 litem is represented by an attorney, the court in its discretion may assess 
 reasonable attorneys fees and costs.  Accordingly, if the guardian ad litem 
 did not seek and obtain prior approval from the court for the hiring of an attorney, 
 then the guardian assumed the risk that the court might not allow a fee.  In 
 this case, the court subsequently approved the attorneys hiring and awarded 
 modified fees, exercising its inherent power to protect the best interests of 
 the children and its discretionary authority under Rule 12.  
After Small complained in a pre-trial 
 motion that counsel for the guardian was not authorized, the court responded 
 by issuing an order requiring the guardians attorney to participate in the 
 action.  In the final order, the court addressed Smalls concern directly, stating:

In making this award, 
 the Court is cognizant of the fact that the Guardian ad Litem retained 
 [counsel] without prior approval of the Court.  It should be noted that a Guardian 
 ad Litem will not in all instances be awarded attorneys fees unless the Court 
 has approved the appointment of such an attorney.  The Court has decided to 
 award an attorneys fee . . . because the issue of whether or not he was to 
 be involved in this case has been dealt with in a pre-trial motion by [Smalls] 
 attorney.  After that motion, the Order issued did not relieve [counsel] of 
 his duties but, to the contrary, gave [him] [a specific duty] . . . . [T]he 
 Court has come to the conclusion that [counsels] involvement in this case was 
 necessary and that he did so as an advocate for the best interest of the children.

In light of the family courts 
 requirement that the guardians counsel participate in the case and the final 
 order stating his involvement was necessary, we conclude the court did not abuse 
 its discretion in making an award.  
A guardian 
 ad litem is entitled to compensation for his services and reimbursement for 
 necessary expenses.  South Carolina Dept of Soc. Servs. v. Hyatt, 
 277 S.C. 152, 154, 283 S.E.2d 445, 446 (1981).  In fixing the amount of compensation 
 to be paid to a guardian ad litem, a court should consider the 
 character of the litigation, the issues involved, the services performed, the 
 care and diligence exhibited, and the results achieved.  Id.  This court 
 will not disturb the amount of a fee award to a guardian ad litem absent an 
 abuse of discretion.  Nash v. Byrd, 298 S.C. 530, 537, 381 S.E.2d 913, 
 917 (Ct. App. 1989).  Likewise, we recognize that an award for attorneys fees 
 is left to the sound discretion of the trial court and will not be disturbed 
 absent an abuse of discretion.  Stevenson v. Stevenson, 295 S.C. 412, 
 415, 368 S.E.2d 901, 903 (1988).
In a temporary 
 order, the family court required Small, Piper, and Weaver to each contribute 
 $700 toward the guardians anticipated fees and costs.  The $2,100 was paid 
 into the trust account of Weavers attorney who was to pay the guardians bills 
 unless one of the parties objected.  The guardian was required to provide copies 
 of her monthly billing statements to each of the parties.  
Weavers attorney paid 
 the guardians first invoice in full.  There is no evidence in the record to 
 indicate Small objected to this initial payment.  The guardian submitted three 
 more bills that remained unpaid at the time of the final order.  
In its final order, the family 
 court awarded the guardian additional fees and costs of $2,395.30 based on the 
 last three unpaid invoices, and attorneys fees of $6,348.40.  The court also 
 approved the previously paid invoice of $1,531.20 as billed. [3]   Small was required to pay one-half 
 of the additional fee awarded to the guardian and one-half of the guardians 
 attorneys fees, for a total of $4,371.85.  
In making the 
 fee award to the guardian, the court reduced her hourly rate by $10 from the 
 amount requested.  The court made the reduction after considering the absence 
 of overhead and other business expenses, as well as the intensity and urgency 
 of the work required.  The court stated it reviewed the entire file as well 
 as the guardians bills and concluded all of the billed time was compensable 
 and was necessarily spent fulfilling duties and acting in the best interest 
 of the children.  The family court noted the guardian worked with speed and 
 diligence and had, through her efforts to promptly secure court-ordered psychological 
 evaluations, moved the case toward a timely resolution.  Finally, the court 
 expressly noted it had taken into consideration to a large extent the financial 
 condition of the parties . . . and the other fees and expenses each must necessarily 
 pay as a result of the litigation.  The family court relied upon the detailed 
 invoices submitted by the guardian and considered all relevant factors when 
 making the compensation award.  Accordingly, we find no abuse of discretion 
 in the amount of the fee awarded.  
The court also found 
 the guardian would not have been able to effectively fulfill her duty as an 
 advocate for the best interest of the children without the assistance of counsel.  
 However, in making the award of attorneys fees, the court reduced counsels 
 hourly rate substantially, from $150 to $90 per hour based on:  1) the relative 
 inability of the parties to pay the approximately $10,500 fee requested in his 
 affidavit and billing statement; 2) application of the factors outlined in Glasscock 
 v. Glasscock, 304 S.C. 158, 403 S.E.2d 313 (1991), including an evaluation 
 of the difficulty of the case; and 3) findings that a significant amount of 
 counsels billed time arose from hearings that required minimal participation 
 and preparation.  Finally, the court granted the parties six months from the 
 date of the order to pay the attorneys fees or make arrangements for terms 
 with the guardians counsel.  The court relied upon the affidavit of counsel 
 and adequately considered the Glasscock factors.  Therefore, we find 
 no abuse of discretion in the amount of attorneys fees awarded.  
III.  Award of 
 Attorneys Fees and Costs to Nicole and Curtis Piper
Finally, Small contends the family 
 court erred in awarding attorneys fees and costs to Nicole and Curtis Piper 
 without making specific findings to support the awards and without properly 
 considering the Glasscock factors.  Small also argues the family court 
 should have considered her ability to pay.  We agree.  
When a court decides 
 whether to award attorneys fees it should consider the parties ability to 
 pay their own fees, the beneficial results obtained by counsel, the respective 
 financial conditions of the parties, and the effect of the fee award on each 
 partys standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 
 415 S.E.2d 812, 816 (1992).  When the court sets the amount of the fee award, 
 it must also consider the nature, extent, and difficulty of the services rendered, 
 the time necessarily devoted to the case, counsels professional standing, the 
 contingency of compensation, the beneficial results obtained, and the customary 
 legal fees for similar services.  Glasscock, 304 S.C. at 161, 403 S.E.2d 
 at 315.  It is insufficient for a court to make a general reference to these 
 requirements without more.  If there is inadequate evidentiary support for the 
 factors to be considered in making such an award, the appellate court should 
 reverse and remand for the family court to make specific findings.  Haselden 
 v. Haselden, 347 S.C. 48, 66, 552 S.E.2d 329, 338 (Ct. App. 2001).  
The family court awarded the 
 Pipers a total of $13,619 in attorneys fees and costs.  The order required 
 Small to make full payment in equal monthly installments within thirty-six months 
 beginning sixty days from the date of the final order.  In making the award, 
 the court did not consider the factors enunciated in E.D.M. v. T.A.M., 
 307 S.C. at 476-77, 415 S.E.2d at 816.  Moreover, the court failed to make any 
 specific findings under Glasscock, stating only that the award was made 
 after considering all requirements of the Glasscock case.  
We recognize Nicole 
 Piper prevailed in her claim for termination of Smalls visitation and successfully 
 defended against Smalls cross-claims.  We are also aware the family court concluded 
 Curtis Piper was, contrary to Smalls contentions, a fit and proper parent.  
 However, the award of attorneys fees to the Pipers fails to take into consideration 
 Smalls ability to pay the amounts awarded and is not supported by specific 
 findings of fact.  
Under the terms of the order, 
 Small is required to pay a total of  $20,055.35 in fees and costs.  According 
 to her financial declaration, her own attorneys fees exceeded $19,000.  She 
 and her husband are retired and live on a combined gross annual income of $27,360.  
 Smalls personal retirement income nets slightly over $1,000 per month.  Even 
 with the payment schedules established by the order, Small is required to pay 
 the psychologist and guardian approximately $3,000 immediately.  She then has 
 a six-month grace period to arrange payment terms with the guardians counsel 
 for payment of the additional $3,174.20.  Sixty days after the date of the final 
 order, she is required to start making at least thirty-six equal monthly payments 
 of $377.77 to satisfy her portion of the Pipers attorneys fees. [4]   In light of these facts, we conclude the additional 
 attorneys fees awarded to the Pipers requires analysis under the E.D.M. 
 v. T.A.M. factors.  We further find the family court failed to properly 
 consider the Glasscock factors when setting the amount of the award.  
 Accordingly, we reverse and remand this issue with specific instructions to 
 allow additional evidence on the issue of the appropriateness and amount of 
 attorneys fees and to make specific findings of fact as to each of the six 
 Glasscock factors. 
CONCLUSION
We find the family court properly 
 approved of the guardians decision to obtain counsel, and affirm the award 
 of attorneys fees.  We also affirm the amount of fees awarded to both the guardian 
 and her counsel.  We reverse the award of attorneys fees to Nicole and Curtis 
 Piper and remand this issue for re-determination under the factors enunciated 
 in Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991), 
 and E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  

 AFFIRMED IN PART, 
 REVERSED IN PART, AND REMANDED.
HUFF and STILWELL, JJ., and 
 CURETON, A.J., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]         In 2002, the legislature passed the South Carolina Guardian 
 Ad Litem Reform Act.  The Act was codified into law in January 2003 and is 
 not applicable to this case.  See S.C. Code Ann. §§ 20-7-1545 to 20-7-1557 
 (Supp. 2003).

 
 
 [3]        The guardian received total compensation of $3,926.50.  This 
 was $902 less than the total amount of her invoices.  

 
 
 [4]         We are unable to determine the Pipers financial condition, 
 ability to pay their own attorneys fees, or the effect of payment on their 
 standard of living because, contrary to the index listing, the record does 
 not contain their financial declaration.  In its place is a financial declaration 
 for Paul Small.