**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Shirley Johnson, Appellant,

v.

Angela Lampley, Jarece N. Lampley, Darius Walker a/k/a Darius Hudgins, and John Doe, Respondents.

Appellate Case No. 2011-199166

---

Appeal From Dillon County
Michael S. Holt, Family Court Judge

---

Unpublished Opinion No. 2013-UP-241
Heard April 4, 2013 – Filed June 12, 2013

---

**AFFIRMED**

---

Marcus LeFond Woodson, of the Woodson Law Firm, LLC, for Appellant.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, for Respondent Angela Lampley.

Philip Bryan Atkinson, of Florence, for Guardian Ad Litem.

---

**PER CURIAM:** On appeal, Shirley Johnson (Grandmother) contests the family court's decision to award custody of her granddaughter, J.L., to another family member, Angela Lampley (Cousin). Grandmother claims the family court erred in making certain evidentiary rulings as well as findings of fact, which improperly influenced the family court's decision to grant custody of J.L. to Cousin.

Specifically, Grandmother claims the family court erred in excluding records from the New York Department of Social Services (DSS); admitting audio tapes of threatening phone calls made to Cousin; and excluding the last will and testament of a non-party and consequently limiting cross-examination of Cousin on that issue. She also argues the family court erred in considering actions of unknown third parties; finding Grandmother's home was unstable; finding Cousin had a strong moral code; finding Grandmother's age and health affected her ability to care for J.L.; considering the amount of time J.L. spent with Cousin prior to the final hearing; finding Grandmother's act of coming to South Carolina without proper notice to retrieve J.L. affected Grandmother's ability to be a fit custodian; and finding Grandmother should not be given preference over Cousin based on the degree of kinship to J.L. We affirm.

1. Initially, we note Grandmother sets forth no legal authority to support the vast majority of her arguments. As the appellant, Grandmother carries the burden of providing sufficient authority to support her arguments. *See* Rule 208(b)(1)(D), SCACR ("The brief shall be divided into as many parts as there are issues to be argued. At the head of each part, the particular issue to be addressed shall be set forth in distinctive type, followed by discussion and citations of authority."); *Bennett v. Investors Title Ins. Co.*, 370 S.C. 578, 599, 635 S.E.2d 649, 660 (Ct. App. 2006) (noting that when an appellant fails to cite any supporting authority for his or her position and makes conclusory arguments, the appellant abandons the issue on appeal); *State v. Crocker,* 366 S.C. 394, 399 n.1, 621 S.E.2d 890, 893 n.1 (Ct. App. 2005) (holding that conclusory statements unaccompanied by argument and citation to authority are insufficient to preserve an issue for appellate review and noting that failure to provide such argument and citation renders an issue abandoned). With the exception of Grandmother's argument that the family court erred in failing to give her preference based on her status as J.L.'s grandmother, we hold her arguments are not preserved for our review.

2. Even if Grandmother properly raised these arguments, we find it was within the family court's province to make all of the contested factual findings and evidentiary rulings based on the evidence and testimony adduced at the final

hearing. As to the evidentiary rulings, "A family court's ruling on the admission or exclusion of evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law." *High v. High*, 389 S.C. 226, 239, 697 S.E.2d 690, 696 (Ct. App. 2010). Further, as the appellant, Grandmother must show prejudice from the admission of evidence to warrant reversal. *See Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) (holding appellant must show both legal error and resulting prejudice from admission of evidence to warrant reversal). As to Grandmother's objection that Rule 7(d), SCRFC, permits the admission of the New York DSS files, the family court permitted Grandmother to introduce the New York medical records and photographs from the New York DSS file that directly related to the abuse allegations. As a result, we find Grandmother failed to demonstrate how the family court's evidentiary rulings prejudiced her.

As to the factual findings, because the family court was in a better position to assess the credibility and demeanor of witnesses, we defer to the family court. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (stating the appellate court generally defers to the factual findings of the family court regarding credibility because the family court is in a better position to observe the witness and his or her demeanor). Further, while we recognize conflicting evidence and testimonies were presented on which party would better serve J.L.'s interests, we find ample evidence in the record to support the family court's decision to award custody of J.L. to Cousin. *See S.C.D.S.S. v. Mary C.*, 396 S.C. 15, 26, 720 S.E.2d 503, 509 (Ct. App. 2011) (holding that it is proper to defer to the family court even if conflicting evidence is presented on appeal as long as ample evidence in the record supports the family court's findings and conclusions); *Pinckney v. Warren*, 344 S.C. 382, 387-88, 544 S.E.2d 620, 623 (2001) (holding the appellant carries the burden of demonstrating error in the family court's findings of fact).

3. We separately address Grandmother's argument that the family court erred in failing to give her preference based on her status as J.L.'s grandmother. Grandmother claims that because J.L.'s mother (Mother) was alive when Grandmother instituted this custody action and wanted J.L. to live with Grandmother, Mother's preference controls the family court's custody decision. We disagree.

The best interest of the child is the primary and controlling consideration of the family court in all child custody controversies. *Moore v. Moore*, 300 S.C. 75, 78-79, 386 S.E.2d 456, 458 (1989). "Nevertheless, there is a rebuttable presumption

that it is in the best interest of any child to be in the custody of its biological parent." *Id.* at 79, 386 S.E.2d at 458. However, when the custody controversy does not involve the natural parents, but instead, as here, involves family members, "their status, as blood relatives, is but one factor in determining the child's best interests." *McCutcheon v. Charleston Cnty. Dep't of Soc. Servs.*, 302 S.C. 338, 347, 396 S.E.2d 115, 120 (Ct. App. 1990); *see also Dunn v. Dunn*, 298 S.C. 365, 367-68, 380 S.E.2d 836, 838 (1989) (finding section 20-7-1820, the predecessor to section 63-9-1110, did not create a preference for blood relatives in adoption proceedings because the grandparent status of the appellants was but one factor in determining the child's best interests); *Kemry v. Fox*, 273 S.C. 268, 269, 255 S.E.2d 836, 837 (1979) ("The welfare of the child and what is in his/her best interest is the primary, paramount and controlling consideration of the Court in all child custody controversies. While, in a contest for custody of a child between a grandparent and a party not related to the child, some weight should be given to the grandparent's status as a relative, the welfare and best interests of the child are determinative." (internal citations omitted)).

Although the outcome might be different if Mother was still alive, a biological parent is not involved. As such, Grandmother's argument that she is entitled to preference in the court's custody determination is not availing. *See Marquez v. Caudill*, 376 S.C. 229, 245, 656 S.E.2d 737, 745 (2008) (finding the maternal grandmother had no biological preference in a custody action against the stepfather and holding the grandmother could not step into her deceased daughter's place because the grandmother remained a third party seeking custody). Because Grandmother cannot step into Mother's place in this custody dispute, the controlling consideration is J.L.'s best interests. To that end, as in all custody disputes, the family court must consider the character, fitness, attitude, and inclinations on the part of each party as they impact on the child. *See Epperly v. Epperly*, 312 S.C. 411, 415, 440 S.E.2d 884, 886 (1994). Psychological, physical, environmental, spiritual, educational, medical, family, emotional, and recreational aspects of the child's life should also be considered. *Wheeler v. Gill*, 307 S.C. 94, 99, 413 S.E.2d 860, 863 (Ct. App. 1992). "In other words, the totality of circumstances unique to each particular case constitutes the only scale upon which the ultimate decision can be weighed." *Paparella v. Paparella*, 340 S.C. 186, 189, 531 S.E.2d 297, 299 (Ct. App. 2000). After a thorough review of the record and the family court's final order, we find the family court considered the above-referenced factors in its decision when it awarded custody of J.L. to Cousin.

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**