**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Lisa Poirier, Timothy Poirier, Jenna Stacy, and William Hatley, Defendants,

Of whom Lisa Poirier and Timothy Poirier are Appellants

and

Jenna Stacy and William Hatley are Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2024-002161

Appeal From Horry County
Melissa J. Buckhannon, Family Court Judge

Unpublished Opinion No. 2025-UP-288
Submitted July 25, 2025 – Filed August 5, 2025

**AFFIRMED**

Ashley Elizabeth Ameika, of Ameika Law, LLC, of

North Charleston; and John D. Elliot, of Columbia, both
for Appellants.

Nancy Carol Fennell, of Irmo, for Respondents Jenna
Stacy and William Hatley.

Kelly Ann Sansone-Galley, of the South Carolina
Department of Social Services, of Myrtle Beach, for
Respondent South Carolina Department of Social
Services.

Heather Marie Moore, of Axelrod & Associates, PA, of
Myrtle Beach, for the Guardian ad Litem.

---

**PER CURIAM:** Lisa Poirier and Timothy Poirier (collectively, Foster Parents) appeal the family court's permanency planning order placing a minor child (Child) with Child's relatives Jenna Stacy and William Hatley (collectively, Relatives) and approving a permanent plan of adoption. On appeal, Foster Parents argue (1) the family court erred in finding it was in Child's best interest to be removed from their home and placed with out-of-state relatives and (2) Relatives improperly utilized leading questions at the permanency planning hearing. We affirm pursuant to Rule 220(b), SCACR.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Therefore, an appellate court "has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)). "However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019). Moreover, "the appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings." *Id.* at 611-12, 837 S.E.2d at 232.

1. We hold the family court did not err in determining placement with Relatives was in Child's best interest. Although Lisa and Foster Parents' relative both

testified to the bond between Foster Parents, Child, and Foster Parents' other foster child, evidence showed a bond had also developed between Relatives and Child and that Relatives regularly traveled from Tennessee to visit Child beginning in August 2022.  Furthermore, the guardian ad litem (GAL) testified that Child appeared "very attached" to Stacy and was reluctant to leave her following the last visit before the hearing.  Additionally, two Department of Social Services (DSS) employees and the GAL expressed no concern with the placement of Child with Relatives, and all testified they believed it was in Child's best interest to be placed with them to allow him to grow up with his biological family.  Foster Parents assert the passage of time, which allowed Child to develop a bond with them, resulted in the best interest of Child not being served by being placed with Relatives; however, Foster Parents filed their private action for adoption before Child was one year old, which the DSS foster care caseworker testified prevented DSS from placing Child with Relatives at the time and prolonged how long Child remained with Foster Parents.  Due to evidence that Child was bonded with Relatives and that Child would be able to grow up with his biological family, we find Foster Parents have failed to show the preponderance of the evidence is against the family court's finding that placement with Relatives was in Child's best interest.  *See* S.C. Code Ann. § 63-1-20(D) (Supp. 2024) ("It is the policy of this State to reunite the child with his family in a timely manner, whether or not the child has been placed in the care of the State voluntarily."); *Dunn v. Dunn*, 298 S.C. 365, 367, 380 S.E.2d 836, 837 (1989) ("The best interest of the child remains, always, the paramount consideration . . . ."); *id.* at 368-68, 380 S.E.2d at 837-88 (explaining that although South Carolina law does not give preference to blood relatives for adoption, it is nevertheless one consideration in determining the child's best interest).

2.  We hold the family court did not err in permitting Relatives to utilize leading questions on cross-examination because leading questions are permitted on cross-examination, and the range and extent of such examination falls within the discretion of the trial judge.  We further note Foster Parents suffered no prejudice from this questioning.  *See State v. Hoffman*, 257 S.C. 461, 469, 186 S.E.2d 421, 425 (1972) ("[T]he general range and extent of cross-examination is within the discretion of the trial judge, subject to the limitation that it must relate to matters pertinent to the issue, or to specific acts which tend to discredit the witness or impeach his moral character."); *id.* ("The discretion of the trial court in allowing examination is not subject to review except in the case of manifest abuse or injustice."); Rule 611(c), SCRE ("Ordinarily leading questions should be permitted on cross-examination."); Rule 611(b), SCRE ("A witness may be cross-examined on any matter relevant to any issue in the case, including credibility."); *State v.*

*Hale*, 284 S.C. 348, 351, 326 S.E.2d 418, 420 (Ct. App. 1985) ("A case will rarely be reversed on the ground that the trial judge permitted leading questions, and then only if there has been a clear abuse of discretion resulting in prejudice to the objecting party.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.